[No. C056812. Third Dist. July 16, 2008.]

TRACY PRESS, INC., Petitioner, v.
THE SUPERIOR COURT OF SAN JOAQUIN COUNTY, Respondent;
CITY OF TRACY, Real Party in Interest.

COUNSEL

Mark V. Connolly; Levy, Ram & Olson, Karl Olson; Kenyon Yeates and Charity Kenyon for Petitioner.

Davis Wright Tremaine, Duffy Carolan and Rochelle L. Wilcox for California First Amendment Coalition, California Newspaper Publishers Association, Los Angeles Times Communications LLP, Copley Press, Inc., The Associated Press, The McClatchy Company, The Bakersfield Californian, San Francisco Bay Guardian, Herburger Publications, Inc., Bay Area News Group—East Bay, Sierra Nevada Media Group, The Record, Metro Publishing, Inc., The Riverside Press-Enterprise, Sacramento Valley Mirror, and The San Jose Mercury News as Amici Curiae on behalf of Petitioner.

No appearance for Respondent.

Debra Corbett, City Attorney, Daniel Sodergren and Bill Sartor, Deputy City Attorneys; McDonough Holland & Allen, Ann Taylor Schwing and Iris Yang for Real Party in Interest.

Best Best & Krieger, Shawn Hagerty and Kevin R. Dale for League of California Cities and California State Association of Counties as Amici Curiae on behalf of Real Party in Interest.

OPINION

**NICHOLSON, Acting P. J.**—After the superior court denied a newspaper's petition for writ of mandate against a city concerning a public records request, the newspaper filed a petition for writ of mandate in this court. In so doing, however, the newspaper named only the city and did not name the city council member from whom the newspaper sought records, even though that city council member had been a named party in the superior court proceeding. We conclude that the newspaper's petition must be dismissed because, having named the city council member and lost in the superior court, the newspaper cannot now obtain a conflicting order against the city.

## BACKGROUND

In January 2007, Tracy Press, Inc., a newspaper, submitted to the City of Tracy (the City) a request pursuant to the California Public Records Act (Gov. Code, § 6250 et seq.). The request pertained to dealings between city officials and the Lawrence Livermore National Laboratory (Lawrence Livermore) and included a request for e-mails exchanged between members of the city council and Lawrence Livermore.[1] The City responded but did not produce e-mails that Suzanne Tucker, a member of the city council, exchanged with Lawrence Livermore from her personal computer at home through her private e-mail account.[2]

Tracy Press filed a petition for writ of mandate in the superior court, seeking production of the e-mail records in Tucker's possession. (Gov. Code, § 6259.) The petition named the City, the city council, and Tucker. After a hearing on the petition, the superior court denied the petition. It concluded that (1) Tucker is not a "local agency" as defined in the Public Records Act and (2) the writings of an individual council member that were not prepared, owned, used, or retained by the local agency (the City) are not "public records" subject to the Public Records Act. The superior court also concluded that the language of Proposition 59 (2004), as found in article I, section 3, subdivision (b)(1) of the California Constitution declaring that "the writings of public officials and agencies shall be open to public scrutiny," did not expand the definitions of "local agency" and "public record" in the Public Records Act.

Within 20 days after the superior court entered its order, Tracy Press filed a petition for writ of mandate in this court, the statutory method for seeking review of a Public Records Act order of the superior court.[3] (Gov. Code, § 6259, subd. (c).) As more fully discussed below, Tracy Press named the

---

[1] The text of the records request was as follows: "This is a public records request for all e-mails, letters, memos or any other correspondence between any of the current city council-members, former Mayor Dan Bilbrey, City Manager Dan Hobbs, and the Lawrence Livermore National Laboratory since Jan. 1, 2006, regarding the proposed bio-agent laboratory as well as any test bombing the Lab will do at Site 300."

[2] Through a federal public records request, Tracy Press obtained from Lawrence Livermore copies of e-mails that had been exchanged with Tucker, who was using her private e-mail account.

[3] The City also demurred to Tracy Press's petition for writ of mandate in the superior court, which the superior court sustained in connection with its denial of the petition. Tracy Press appealed from the sustaining of the demurrer; however, that appeal was dismissed by order of this court on December 20, 2007. (*Tracy Press, Inc. v. City of Tracy* (Dec. 20, 2007, C056889).)

superior court as the respondent and the City as the lone real party in interest. We issued an order to show cause why the relief requested in the petition should not be granted.[4]

## DISCUSSION

### I

*Absence of Indispensable Party*

In its return to the petition for writ of mandate, the City asserts that the petition must be dismissed because Tracy Press failed to name an indispensable party, Suzanne Tucker. In its replication, Tracy Press argues that dismissal is unwarranted because (1) Tucker is a party to this proceeding and, (2) even if she is not a party, she is not indispensable. We conclude that Tucker is not a party to this proceeding and that she is indispensable. Therefore, the petition must be dismissed.

### A. *Tucker Not a Party to This Action*

When Tracy Press filed its petition for writ of mandate in the superior court, it named as respondents "City of Tracy, City Council of City of Tracy, [and] Suzanne Tucker." Tracy Press served the petition for writ of mandate on the city attorney, and the city attorney acknowledged receipt of the writ of mandate on behalf of all three named respondents. At the hearing on the petition, the city attorney appeared on behalf of the City and Suzanne Tucker.[5] The statement of decision and order denying the petition named Suzanne Tucker as one of the parties entitled to denial of the petition.

Unlike the pleadings in the superior court, Tracy Press's pleadings in this court do not include Tucker as a party. The caption on the cover of the petition for writ of mandate names the superior court as the respondent and the City as the real party in interest. It does not name Tucker.[6] Likewise, the

---

[4] Amici curiae have filed briefs in this proceeding in support of the parties on the issue of whether the superior court's order was proper. As we do not reach that issue, we do not discuss the amicus curiae briefs.

[5] The statement of decision does not mention an appearance for the city council as a separate party.

[6] Tracy Press claims that it failed to name any real party in interest and that the clerk of this court added the City as a real party in interest. The City makes no argument that it was not properly named in the petition, only that Tucker, an indispensable party, was not named.

order to show cause issued by this court and served on the city attorney did not name Tucker as a real party in interest. The return filed in this court by the city attorney and associated counsel is on behalf of the City, not Tucker.

 The filing of a petition for writ of mandate in this court, even though it follows denial of the petition in the superior court, is an original proceeding, not an appeal. (See Cal. Const., art. VI, § 10 [Court of Appeal has original jurisdiction in mandamus proceedings]; Gov. Code, § 6259, subd. (c) [review of Public Records Act order by extraordinary writ only].) When a petition for writ of mandate is filed in a Court of Appeal and names a superior court as respondent, the petition must name the real party in interest. (Cal. Rules of Court, rule 8.490(b)(2).) The petition must be served on the named real party in interest. (Cal. Rules of Court, rule 8.490(f)(1).)

Tucker was not named in the caption of the petition filed in this court, nor did she respond. But Tracy Press contends that this was merely a clerical error that we must disregard and that we must treat Tucker as a party to this proceeding. To make this argument, Tracy Press relies on Code of Civil Procedure section 475, which requires a court to disregard defects that do not affect the substantial rights of the parties.[7] Tracy Press further asserts that the record contains no evidence of prejudice resulting from its failure to name Tucker and that Tucker was served with the pleadings and order to show cause because those documents were served on the city attorney, who represented her in the superior court.

Tracy Press's assertion that we must disregard the "defect" and consider Tucker a party to this proceeding fails because (1) failing to name Tucker was not a "defect" as contemplated by Code of Civil Procedure section 475 and (2) entering an order binding on Tucker in an action in which she was not named would certainly affect her substantial rights.

 Failing to name an individual as a real party in interest in the pleading that initiates the action is not a defect. It does not render the pleading defective; it merely defines the parties, leaving out the individual not named. "In the complaint, the title of the action shall include the names of all the parties; but, except as otherwise provided by statute or rule of the Judicial Council, in other pleadings it is sufficient to state the name of the first party

---

[7] Code of Civil Procedure section 475 states, in pertinent part: "The court must, in every stage of an action, disregard any error, improper ruling, instruction, or defect, in the pleadings or proceedings which, in the opinion of said court, does not affect the substantial rights of the parties."

on each side with an appropriate indication of other parties." (Code Civ. Proc., § 422.40.) As the petition in a mandamus proceeding serves as the complaint, it must name all of the parties. That the petition did not name Tucker is not a defect. Instead, it simply means that she is not a party to this action.

■ Issuing an order requiring Tucker to act in a mandamus proceeding in which she was not named and has not appeared would affect Tucker's substantial rights. This court obtains jurisdiction to enter an order against a person only if the person is named as a party and duly served with notice of the action. "[T]he rights of a person cannot be affected by a suit to which he is a stranger." (*Whitney v. Higgins* (1858) 10 Cal. 547, 551.) Strangers to an action, by appearing generally in the action, may forfeit the right to object that they were not named in the complaint because the appearance operates as a consent to jurisdiction. (*Fireman's Fund Ins. Co. v. Sparks Construction, Inc.* (2004) 114 Cal.App.4th 1135, 1145 [8 Cal.Rptr.3d 446].) But Tucker has not appeared in this action, and it is too late now for Tracy Press to amend the petition and add her as a party. (Gov. Code, § 6259, subd. (c) [20-day limit on filing of petition after order of superior court].) She is not subject to this court's jurisdiction in this matter. Accordingly, to render an order requiring her to act would violate her right to due process. (See *Domingo v. Los Angeles County Metropolitan Transportation Authority* (1999) 74 Cal.App.4th 550, 554 [88 Cal.Rptr.2d 224] [adverse action without notice violates due process].)

B. *Tucker an Indispensable Party*

Having determined that Tucker is not a party to this original proceeding, we must consider whether she is indispensable. We conclude that Tucker is an indispensable party and that the proper disposition is dismissal pursuant to Code of Civil Procedure section 389.

■ A person must be made a party to a proceeding if "(1) in his absence complete relief cannot be accorded among those already parties or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest." (Code Civ. Proc., § 389, subd. (a).) If such a person cannot be joined, "the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed

without prejudice, the absent person being thus regarded as indispensable. The factors to be considered by the court include: (1) to what extent a judgment rendered in the person's absence might be prejudicial to him or those already parties; (2) the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; (3) whether a judgment rendered in the person's absence will be adequate; (4) whether the plaintiff or cross-complainant will have an adequate remedy if the action is dismissed for nonjoinder." (Code Civ. Proc., § 389, subd. (b).)

The City argues that dismissal is required because Tucker is not present to protect her rights and no adequate order can be made in Tucker's absence, an argument consistent with the first and third factors listed in Code of Civil Procedure section 389. We will discuss each of the listed factors.

### 1. *Prejudice to Person Not Joined*

■ While it is just one of the four factors listed in Code of Civil Procedure section 389, subdivision (b), to be considered in determining whether an unjoined person is an indispensable party, potential prejudice to that unjoined person is of critical importance. "The controlling test for determining whether a person is an indispensable party is, 'Where the plaintiff seeks some type of affirmative relief which, if granted, would injure or affect the interest of a third person not joined, that third person is an indispensable party. [Citation.]' [Citation.] ■ More recently, the same rule is stated, 'A person is an indispensable party if his or her rights must necessarily be affected by the judgment. [Citations.]' [Citation.]" (*Save Our Bay, Inc. v. San Diego Unified Port Dist.* (1996) 42 Cal.App.4th 686, 692–693 [49 Cal.Rptr.2d 847] (*Save Our Bay*).) The order that Tracy Press seeks requiring Tucker to give Tracy Press access to writings she possesses personally would necessarily affect her rights.

■ However, because she is not a party to these proceedings, she would not be bound by the order, making such an order of no effect as to her. " 'Failure to join an "indispensable" party is not "a jurisdictional defect" in the fundamental sense; even in the absence of an "indispensable" party, the court still has the power to render a decision as to the parties before it which will stand. It is for reasons of equity and convenience, and not because it is without power to proceed, that the court should not proceed with a case where it determines that an "indispensable" party is absent and cannot be

joined. [Citation.]' [Citation.]" (*Save Our Bay, supra,* 42 Cal.App.4th at p. 693, quoting *Sierra Club, Inc. v. California Coastal Com.* (1979) 95 Cal.App.3d 495, 500 [157 Cal.Rptr. 190].) Whether to dismiss an action for failure to name an indispensable party is subject to the discretion of the court. (*Kaczorowski v. Mendocino County Bd. of Supervisors* (2001) 88 Cal.App.4th 564, 568 [106 Cal.Rptr.2d 14].)

Tracy Press argues that Tucker is not an indispensable party because her interests are being vigorously protected by the City. This argument is not convincing.

Citing this court's opinion in *Hayes v. State Dept. of Developmental Services* (2006) 138 Cal.App.4th 1523 [42 Cal.Rptr.3d 363] (*Hayes*), Tracy Press urges that, as a "practical reality," Tucker and all members of the city council are joined in this proceeding because the city attorney represented them in the superior court and continues to represent their interests here. Before analyzing *Hayes*, we note that Tucker stands in a position much different from the City and from the other members of the city council because she is the one who created and possesses the writings that Tracy Press now seeks. Thus, her interests in this proceeding are different, at least in some respects, from those of the City and the other members of the city council. In any event, *Hayes* is distinguishable.

In *Hayes*, an autistic boy whose funding for an educational program had been discontinued by Alta California Regional Center requested a hearing with the Department of Developmental Services concerning the discontinuation of funding. The department designated the Office of Administrative Hearings to conduct the hearing. After a hearing, an administrative law judge from the Office of Administrative Hearings affirmed the decision to discontinue funding. The boy filed a petition for writ of mandate, naming himself as the petitioner, the Department of Developmental Services as the respondent, and Alta California Regional Center as the real party in interest. The petition did not name the Office of Administrative Hearings as a party. The superior court dismissed the petition for failure to name an indispensable party because the decision being challenged was made by the Office of Administrative Hearings. (*Hayes, supra,* 138 Cal.App.4th at pp. 1527–1528.) On appeal, we concluded that dismissal for failure to name an indispensable party was an abuse of discretion. Although the Office of Administrative Hearings rendered the decision, it did so simply as the designee of the Department of Developmental Services. The boy could be accorded complete relief with an order binding the parties to the petition for writ of mandate and there was no interest held

by the Office of Administrative Hearings that would be left unprotected. (*Id.* at pp. 1531–1534.)

Tracy Press argues that the same is true here—that is, we can order complete relief in the absence of Tucker and she has no interest that would be left unprotected. As noted above, however, Tucker's interests in this proceeding are unique, in that she created and possesses the writings that Tracy Press wants. Unlike the relationship in *Hayes* in which the Office of Administrative Hearings simply acted in the place of the Department of Developmental Services in holding the hearing and rendering a decision, the relationship between Tucker and the City does not result in congruent interests.

The unique interests possessed by Tucker and litigated in the superior court proceeding relate to whether Tracy Press has the right, through its records request, to obtain records from Tucker's home, from her personal computer, from her personal e-mail system. Tracy Press asserts, however, that, if the records that Tucker possesses are public records, it is the City's ministerial duty to produce them, and Tucker is bound to produce them because she is a member of the City's governing council. This argument puts the cart before the horse because it requires us to decide the issue of Tucker's interest without giving her the opportunity to be heard. The main issue presented in this mandamus proceeding is whether Tucker's e-mails are "public records" that must be produced. If she had e-mailed from the City's offices, discussing City business, it is undeniable that the records would be "public records" that must be produced. But this proceeding presents a novel and important issue: whether personal e-mails sent without using the City's resources but discussing the City's business are "public records."

Therefore, Tucker's unique interests, which Tracy Press seeks to litigate in this proceeding, make her an indispensable party.

## 2. *Protective Provisions to Mitigate Prejudice*

Tracy Press suggests no method by which we could enter an order in favor of Tracy Press but, at the same time, protect Tucker's interests. (See *Save Our Bay, supra,* 42 Cal.App.4th at p. 699 [plaintiff presented no suggestion on how to proceed without prejudicing interests of nonparty].) To the contrary, Tracy Press seeks an order that would require Tucker to produce the e-mails. We see no effective way to grant relief without affecting Tucker's interests as litigated and adjudicated in the superior court. Therefore, this factor weighs heavily against a determination on the merits.

### 3. *Adequacy of Order Rendered in Nonparty's Absence*

Complicating the fact that Tucker is not a party to this proceeding and would not be bound by an order from this court is that Tucker already has an order stating that she need not produce the e-mails that Tracy Press seeks. This unusual circumstance reinforces the decision to dismiss this proceeding for failure to name an indispensable party. Were we to find that the e-mails in Tucker's personal possession were public records subject to production under Tracy Press's request, that finding would conflict with the order of the superior court. As to the City, our order would supersede the superior court's order, but not as to Tucker. She is entitled to enforcement of the order from the proceeding to which she was a party. A contrary order from this court would cause confusion and uncertainty.

Res judicata would prevent Tracy Press from enforcing an order of this court against Tucker that is contrary to the order of the superior court. (*In re Marriage of Sweeney* (1999) 76 Cal.App.4th 343, 348 [90 Cal.Rptr.2d 298].) In *In re Marriage of Sweeney*, a former wife obtained a child support order in 1963 against the former husband. In 1979, the former wife moved for an order from the court allowing her to collect arrearages. The trial court denied the motion, and the former wife did not appeal. In 1997, the former wife obtained an abstract of a support judgment, and the former husband moved for an injunctive order to preclude the former wife from engaging in collection efforts. The trial court granted the former husband's request for injunctive relief, and the former wife appealed. (*Id.* at pp. 345–346.) On appeal, the court concluded that, even though there had been intervening statutory changes in how long child support arrearages could be collected, the former wife's claim was barred by res judicata because, in 1979, the trial court had ruled that she could not collect arrearages. (*Id.* at pp. 347–348.)

As in *In re Marriage of Sweeney*, an order has been entered in favor of Tucker on the very issue that Tracy Press proffers here. However, because the superior court's order as to Tucker is final and now unreviewable in this court, any order that we were to issue requiring Tucker to produce the e-mails would be precluded by the finality of the superior court's order.

Tracy Press asserts that it does not matter whether Tucker is a party to this proceeding because, as a member of the city council, she would be bound by any order issued against the City. Even assuming this assertion has merit in the abstract and Tucker would be bound by an order against the City, it does not resolve the conflict between the order that would issue from this court and the order, final and unreviewable, that Tucker holds. Therefore, even assuming that Tracy Press is correct on the merits, it makes much more sense

for us to exercise our discretion and find that this proceeding must be dismissed for failure to name an indispensable party, rather than creating a conflict.

### 4. *Adequacy of Remedy for Petitioner*

Assuming, again for the sake of discussion, that Tracy Press is correct on the merits of this case, that Tucker should have produced the e-mails under Tracy Press's records request, dismissing this proceeding for failure to name an indispensable party leaves Tracy Press without a remedy. This situation, however, is of Tracy Press's own making and, therefore, does not weigh in favor of a determination on the merits. (See *Save Our Bay, supra,* 42 Cal.App.4th at p. 699 [dismissing where plaintiff failed to name indispensable party].)

██ Having considered each of the factors listed in Code of Civil Procedure section 389, we conclude that the appropriate disposition in this original proceeding is dismissal.

### II

### *Motion for Sanctions*

Asserting that the petition is clearly frivolous, the City requests an order awarding costs and attorney fees pursuant to Government Code section 6259, subdivision (d). That subdivision states, in pertinent part: "If the court finds that the plaintiff's case is clearly frivolous, it shall award court costs and reasonable attorney fees to the public agency." We deny the request.[8]

Although this proceeding was doomed from the beginning by Tracy Press's failure to name Suzanne Tucker as a party, the petition attempted to raise an important and novel issue concerning whether writings in the sole possession of a city council member are "prepared, owned, used, or retained by any state or local agency" (Gov. Code, § 6252, subd. (e)) and are therefore subject to a public records request under the Public Records Act and the California Constitution. The participation of amici curiae attests to the importance of the issue. We therefore conclude that this proceeding is not clearly frivolous.

---

[8] Although we deny the City's motion for sanctions pursuant to Government Code section 6259, subdivision (d), we award costs to the City pursuant to California Rules of Court, rule 8.490(m).

## DISPOSITION

The petition is dismissed. The City shall recover its costs for this proceeding. (Cal. Rules of Court, rule 8.490(m).)

Butz, J., and Cantil-Sakauye, J., concurred.