Filed 11/1/22 Gustard v. McCauley CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| CHRISTOPHER I. GUSTARD, | C087404 |
| Plaintiff and Appellant, | (Super. Ct. No. 34201680002405CUWMGDS) |
| v. | |
| DOUGLAS R. MCCAULEY, as Executive Officer, etc., et al., | |
| Defendants and Respondents. | |

The California Architects Board (Board) revoked plaintiff and appellant Christopher I. Gustard's license to practice as a landscape architect. Plaintiff filed a petition for writ of administrative mandate to contest the Board's decision, but he did not name the Board as a respondent. He brought a motion to add the Board as a party, but the trial court ruled the statute of limitations had expired. The trial court later granted respondents' motion for judgment on the pleadings, finding that the Board was a necessary and indispensable party without which plaintiff could not state a claim.

1

Plaintiff challenges the trial court's rulings. He claims the trial court denied him a fair hearing, erred by denying his motion to add the Board as a party, and erred by granting judgment on the pleadings. We affirm the judgment.

## FACTS AND HISTORY OF THE PROCEEDINGS

The Board is the state agency that regulates the practice of architecture in California. (Bus. & Prof. Code, § 5510.1.) It issues landscape architect licenses and has sole authority to discipline licensees. (Bus. & Prof. Code, §§ 5620, subd. (d), 5629.)

The Board also has jurisdiction over the Landscape Architects Technical Committee (Committee). The Committee regulates the practice of landscape architecture in the state. (Bus. & Prof. Code, §§ 5620, 5621, subd. (a).)

The Board issued a landscape architect license to plaintiff in 2003. In 2012, plaintiff pleaded guilty in federal court to one count of distributing child pornography in violation of title 18 of the United States Code section 2252(a)(2)(B). Plaintiff was sentenced to a prison term of 120 months and 10 years of supervised release. Plaintiff was incarcerated outside of California during the administrative and judicial proceedings at issue.

Plaintiff's landscape architect license expired on December 31, 2013. There is a factual dispute over whether plaintiff applied to renew his license before it expired.

Defendant and respondent Douglas R. McCauley, the Board's executive officer, filed an accusation with the Board dated May 11, 2015, to have plaintiff's license revoked or suspended due to his criminal conviction. An expired license does not deprive the Board of jurisdiction to impose discipline against a licensee. (Bus. & Prof. Code, § 118, subd. (b).)

Following a hearing, the Board revoked the license on June 9, 2016, effective July 13, 2016. Defendant and respondent Matthew McKinney, a Committee staff member, served the Board's decision on plaintiff by mail.

2

On July 7, 2016, plaintiff requested a stay of the Board's decision to allow him time to file a petition for reconsideration. The following day, the Board stayed the effectiveness of its decision for 30 days, to August 8, 2016. McCauley signed the order granting the stay.

There is a factual dispute over when the Board received plaintiff's petition for reconsideration. Plaintiff claims the Board received it on August 5, 2016. In a letter to plaintiff, McKinney stated the Board received plaintiff's petition on August 8, 2016, the day its order took effect. According to the letter, as a result, the Board no longer had jurisdiction to consider the petition for reconsideration.

Plaintiff filed this petition for writ of mandate in the superior court on August 1, 2016, to challenge the Board's decision. He named McCauley and McKinney as respondents. He did not name the Board as a respondent. He asked the court to order that the revocation be stayed or set aside until he could exhaust his remedies.

On April 7, 2017, plaintiff filed a motion, and on December 4, 2017, an amended motion, to add the Board as a respondent to the writ petition. The trial court denied the motion. It found that the statute of limitations had run, which barred adding a party.

Respondents later moved for judgment on the pleadings. The trial court granted the motion and dismissed the petition without leave to amend. It found that the Board was a necessary and indispensable party that could not be added to the petition because the statute of limitations had run. It also found that plaintiff had not stated a cause of action against the respondents.

DISCUSSION

I

*Fairness of Trial Court's Hearing*

Plaintiff contends the trial court deprived him of a fair hearing on his motion to add the Board as a party and on the merits of his petition. Plaintiff did not raise this

3

objection before the trial court, and so he has forfeited it here. (*Keener v. Jeld-Wen, Inc.* (2009) 46 Cal.4th 247, 264.)

Were we to consider the argument, we would find no violation of due process. Plaintiff argues that the trial court held a hearing on April 13, 2018, when the local court rule, as plaintiff interprets it, said that no hearing would be held. Plaintiff also asserts that the court erred by declaring that plaintiff had waived his right to have a hearing on his petition and present any further oral arguments.

The trial court consolidated the hearing on plaintiff's motion to add the Board as a party with a hearing on the merits of plaintiff's writ petition and other motions plaintiff had filed. The day before the hearing on the motions, April 12, 2018, the court issued its tentative ruling. As part of that ruling, the court vacated plaintiff's motion for a hearing on the merits because briefing was not complete. It also did not rule on the merits of plaintiff's motion to add the Board as a party. It denied most of plaintiff's other motions.

The court requested further briefing from respondents on whether McCauley properly delegated to McKinney his authority under then section 2603 of title 16 of the California Code of Regulations to deliver or mail copies of the Board's decision to plaintiff. The court continued the hearing to May 25, 2018.

Plaintiff requested a hearing, but he did not appear via telephone. At the hearing on April 13, 2018, the court confirmed the tentative ruling. It declared that by not appearing, plaintiff had waived his right to a hearing and to present oral argument regarding the court's tentative ruling.

This is the hearing plaintiff challenges. He claims he was denied a fair hearing on his motion to join the Board, the merits of his petition, and other motions decided by the court.

Plaintiff was not denied a fair hearing on either the merits of his petition or his motion to add the Board. The trial court only vacated the merits hearing until briefing was completed. It directed plaintiff to notice a new merits hearing.

4

In addition, the trial court did not rule on the motion to add the Board as a party at the April 13 hearing. It continued the hearing on that motion to May 25, 2018. At that hearing, plaintiff appeared by telephone and raised a number of arguments in favor of his motion. The court took the matter under submission. By a written ruling dated May 31, 2018, the trial court denied the motion to add the Board as a party. Plaintiff had a fair hearing on the motion.

As to the other motions decided by the court at the April 13 hearing, plaintiff misunderstands the local rule. The Superior Court of Sacramento County, Local Rules, rule 1.06 (hereafter rule 1.06) establishes the trial court's tentative ruling system. Among other things, the rule requires all noticed motions to include a description of the tentative ruling system. (Rule 1.06(D).) Plaintiff's motion included the required description. The trial court's minute order setting the hearing also included the description. The description informs the opposing party that the court will issue a tentative ruling and how the party may obtain that ruling. The notice then states: "If you do not call the court and the opposing party by 4:00 p.m. the court day before the hearing, no hearing will be held." (Rule 1.06(D).)

Under the rule, the tentative ruling will become the court's final ruling unless a party requests a hearing. (Rule 1.06(C).) If a party does not request a hearing, there will be no hearing and the tentative ruling will be the court's final ruling. The local rule does not mean that if no party requests a hearing, the court will not rule on the motion. It simply means the court will rule on the motion without hearing oral argument from the parties.

The result of plaintiff's not appearing at the April 13 hearing was the same. By not appearing at the hearing as he had requested, he forfeited the right to have oral argument on the tentative ruling, notwithstanding the circumstances that led to the forfeiture. He did not, however, forfeit any rights to a hearing on his motion to add the Board or a hearing on the merits. The trial court did not deny him a fair hearing.

5

II

*Motion to Add the Board as a Party*

Plaintiff admits he should have named the Board as a respondent when he filed his petition. The applicable statute of limitations is found in the Administrative Procedure Act, which applies to the Board's administrative adjudications. (Gov. Code, §§ 11340 et seq., 11410.20, subd. (a), subsequent references to statutes are to the Government Code unless designated otherwise.) That act states that judicial review of the Board's determination is by petition for writ of mandate. (§ 11523.) The petition must be filed within 30 days after the last day on which the Board can order reconsideration. (§ 11523.) The Board's authority to order reconsideration ends, as relevant here, at the termination of a stay of not more than 30 days which the Board may grant for the purpose of filing an application for reconsideration. (§ 11521, subd. (a).)

As a result of the stay granted to plaintiff to file a petition for reconsideration, the Board's authority to order reconsideration ended on August 8, 2016. Under section 11523, the time period for filing a petition for writ of mandate ended 30 days later on September 7, 2016.

Plaintiff filed his writ petition on August 1, 2016, well within the limitations period. However, he filed his motion to add the Board as a party on April 7, 2017, more than seven months after the limitations period had expired.

"The general rule is that an amended complaint that adds a new defendant does not relate back to the date of filing the original complaint and the statute of limitations is applied as of the date the amended complaint is filed, not the date the original complaint is filed." (*Woo v. Superior Court* (1999) 75 Cal.App.4th 169, 176.) Consequently, "amendment after the statute of limitations has run will not be permitted when the result is the addition of a party who, up to the time of the proposed amendment, was neither a named nor a fictitiously designated party to the proceeding." (*Ingram v. Superior Court*

6

(1979) 98 Cal.App.3d 483, 492; see also *Stephens v. Berry* (1967) 249 Cal.App.2d 474, 478.)

Plaintiff contends that despite the statute of limitations, he should be allowed to add the Board as a party for a number of reasons. We reject each argument.

### A.     *Code of Civil Procedure section 475*

Plaintiff contends his omitting the Board as a party was a technical defect which Code of Civil Procedure section 475 (section 475) required the court to disregard. He argues his petition should be decided on the merits, not on technical matters of procedure.

Section 475 requires a court to disregard any error or defect in the pleadings which does not affect the parties' substantial rights. But failing to name a party in a pleading that initiates the action is not a defect for purposes of section 475. (*Tracy Press, Inc. v. Superior Court* (2008) 164 Cal.App.4th 1290, 1296 (*Tracy Press*.) "It does not render the pleading defective; it merely defines the parties, leaving out the individual not named." (*Ibid.*)

Moreover, disregarding the statute of limitations would affect the Board's substantial rights, contrary to the requirements of section 475. The Board is protected by the statute of limitations from becoming a party. Allowing plaintiff to defeat the statute of limitations because he did not timely name the Board as a party would defeat the Board's statutory right not to be named. (See *Tracy Press, supra*, 164 Cal.App.4th at p. 1297 [requiring unnamed party to appear in a mandamus proceeding would violate that person's right to due process].) Section 475 does not apply here.

The statute of limitations is not merely a technical matter. "A statute of limitations strikes a balance among conflicting interests. If it is unfair to bar a plaintiff from recovering on a meritorious claim, it is also unfair to require a defendant to defend against possibly false allegations concerning long-forgotten events, when important evidence may no longer be available. Thus, statutes of limitations are not mere technical

7

defenses, allowing wrongdoers to avoid accountability. (*Norgart v. Upjohn Co.* (1999) 21 Cal.4th 383, 395-397.) Rather, they mark the point where, in the judgment of the Legislature, the equities tip in favor of the defendant (who may be innocent of wrongdoing) and against the plaintiff (who failed to take prompt action): '[T]he period allowed for instituting suit inevitably reflects a value judgment concerning the point at which the interests in favor of protecting valid claims are outweighed by the interests in prohibiting the prosecution of stale ones.' (*Johnson v. Railway Express Agency* (1975) 421 U.S. 454, 463-464.)" (*Pooshs v. Philip Morris USA, Inc.* (2011) 51 Cal.4th 788, 797.)

Citing to the "miscarriage of justice" standard of prejudicial error, plaintiff contends it is a miscarriage of justice to allow an inadvertent procedural defect in his pleading to deprive him of a hearing on the merits to protect a vested right. (See Cal. Const., art. VI, § 13; *People v. Watson* (1956) 46 Cal.2d 818.) The miscarriage of justice standard does not apply in this instance. Appellate courts apply that standard to determine whether an error at trial was prejudicial. The standard is not grounds for correcting a plaintiff's omission of a party. That plaintiff may have made an honest mistake in not naming the Board is legally insufficient to bring a new party into the litigation after the statute of limitations has run. (*Chitwood v. County of Los Angeles* (1971) 14 Cal.App.3d 522, 525.)

B.     *Delegation of authority to McKinney to mail the Board's decision*

Plaintiff argues that the Board did not proceed in the manner required by law; as a result, it should not be permitted to rely on the statute of limitations to defeat a motion to add it as a party. Specifically, plaintiff claims the Board violated requirements imposed on it at the time by former section 2603 of title 16 of the California Code of Regulations. That regulation stated that the Board's power and discretion to certify and deliver or mail copies of its decisions were "delegated to and conferred upon the executive officer, or in

8

his or her absence from the office of the Board, the acting executive officer." (Cal. Code Regs., tit. 16, former § 2603 (former section 2603).) Plaintiff contends that no evidence showed that McCauley had actually delegated any authority to McKinney to act as executive officer, including authority to certify and mail the Board's decision to plaintiff.

Former section 2603 was repealed on March 9, 2021, while this matter was pending. As a result, the Board is no longer required to comply with its provisions, and any pending action such as this based on those provisions is moot. (See *Governing Board v. Mann* (1977) 18 Cal.3d 819, 829 ["when a pending action rests solely on a statutory basis, and when no rights have vested under the statute, 'a repeal of such a statute without a saving clause will terminate all pending actions based thereon' "]; *NAACP v. San Bernadino Unified School Dist.* (1976) 17 Cal.3d 311, 325 [trial court erred in relying on repealed administrative regulations].)

Even if former section 2603 still applied, plaintiff did not demonstrate that respondents had violated the provision. Former section 2603 was a delegation of authority from the Board to McCulley acting as the executive officer. Provisions of the Government Code, however, authorized McCulley to delegate his authority to McKinney. Section 11500, part of the Administrative Procedure Act, defines the term "agency" as used in that act to include officers, and it authorizes officers to delegate their power to act unless specifically restricted. (§ 11500, subd. (a).) More directly, section 7 expressly granted McKinney the authority to act on behalf of McCulley. That statute reads: "Whenever a power is granted to, or a duty is imposed upon, a public officer, the power may be exercised or the duty may be performed by a deputy of the officer or by a person authorized, pursuant to law, by the officer, unless this code expressly provides otherwise." (§ 7.)

McKinney's job description, known as a position duty statement, indicated that part of McKinney's job authority included performing ministerial tasks that could otherwise be performed by the executive officer. As a staff services analyst, McKinney

9

was to receive and review complaints such as the one against plaintiff, prepare acknowledgement letters, prepare original correspondence to the licensee requesting evidence or correction and compliance, gather evidence, and provide findings and make recommendations to the executive officer for citations. He was also required to take actions as directed by the Committee and provide staff support to the Committee. This scope of responsibility includes the authority to do the ministerial act of mailing copies of the Board's decision to plaintiff.

Even if plaintiff had established a violation under former section 2603, he has not demonstrated prejudice. Plaintiff does not complain that he did not receive the Board's decision timely or that somehow by mailing the decision, McKinney induced him not to name the Board as a party.

Plaintiff also has not shown how a violation of section 2603 would toll the statute of limitations. The operation of a statute of limitation "does not discriminate between the just and the unjust claim, or the voidable and unavoidable delay." (*Chase Sec. Corp. v. Donaldson* (1945) 325 U.S. 304, 314.) "[E]ven if one has a just claim it is unjust not to put the adversary on notice to defend within the period of limitation[;] . . . the right to be free of stale claims in time comes to prevail over the right to prosecute them." (*Order of R. Telegraphers v. Railway Express Agency, Inc.* (1944) 321 U.S. 342, 349.)

The trial court did not err in not tolling the statute of limitations on account of former section 2603.

C. *Equitable tolling*

Plaintiff contended in the trial court that the statute of limitations should be tolled under the principle of equitable tolling. He argues the principle should apply because the Board denied him due process when, after staying its decision to allow plaintiff to file a petition for reconsideration, it denied the petition on the ground it was not timely filed when allegedly it was. Plaintiff also claims the statute should be tolled because the Board

10

did not file its decision and stay order with the Office of Administrative Hearings as purportedly required by subdivision (d) of section 11517.

"Equitable tolling is a 'judicially created, nonstatutory doctrine' that ' "suspend[s] or extend[s] a statute of limitations as necessary to ensure fundamental practicality and fairness." ' (*McDonald v. Antelope Valley Community College Dist.* (2008) 45 Cal.4th 88, 99.) The doctrine applies 'occasionally and in special situations' to 'soften the harsh impact of technical rules which might otherwise prevent a good faith litigant from having a day in court.' (*Addison v. State of California* (1978) 21 Cal.3d 313, 316.)" (*Saint Francis Memorial Hospital v. State Dept. of Public Health* (2020) 9 Cal.5th 710, 719-720 (*Saint Francis*).)

Section 11523's statute of limitations is subject to equitable tolling. (*Saint Francis, supra*, 9 Cal.5th at p. 723.) However, "[t]hat equitable tolling is available under section 11523 doesn't mean it will apply in every—or even most—cases. As we've explained, equitable tolling is a narrow remedy that applies to toll statutes of limitations only 'occasionally and in special situations.' [Citations.] . . . Courts must instead carefully examine the facts of each case to determine whether 'justice and fairness' demand that the limitations period be tolled. (*Lambert v. Commonwealth Land Title Ins. Co.* (1991) 53 Cal.3d 1072, 1081.)" (*Saint Francis, supra*, 9 Cal.5th at p. 724.)

Equitable tolling may apply when three elements are present: notice to the defendant of the plaintiff's claims within the limitations period, lack of prejudice to the defendant in its ability to defend against the claims, and reasonable and good faith conduct by the plaintiff. (*Saint Francis, supra*, 9 Cal.5th at pp. 725-729.) "[M]istake or neglect alone doesn't excuse a late-filed petition. [Citation.] But neither is that fact, when relevant, dispositive of a party's equitable tolling claim; we must consider it as part of the analysis of whether a plaintiff has established equitable tolling's elements." (*Id*. at p. 726.)

Except where the issue can be decided as a pure question of law based on undisputed facts, we review a trial court's ruling on a claim of equitable tolling for substantial evidence. (*Thomas v. Gilliland* (2002) 95 Cal.App.4th 427, 434.) Here, the relevant facts are not in dispute.

At the trial court, plaintiff invoked a traditional ground for granting equitable tolling: the running of a statute of limitations may be tolled where the plaintiff has several legal remedies and, reasonably and in good faith, pursues one. (See *Addison v. State of California, supra*, 21 Cal.3d at pp. 317-318.) This includes when a plaintiff is required to exhaust administrative remedies. (*Id.* at p. 318.) Plaintiff contended that his pursuit of his petition for reconsideration satisfied the three-part test to qualify for equitable tolling. Even though the Board found the reconsideration petition was not filed timely, a point plaintiff vigorously disputes, he claims the petition provided the Board with notice of his claims against it within the statutory period. Plaintiff believed that exhausting administrative remedies meant obtaining a final ruling from the Board on reconsideration, and the Board obstructed him from doing this by wrongly determining his reconsideration petition was filed untimely. Plaintiff attempted to attack the Board's determination by informing the trial court he believed the Board had acted in bad faith and filing an ex parte application to stay the Board's determination. He argued that these efforts to obtain a final decision on reconsideration meant he was pursuing his administrative remedy at the time he filed his petition for writ of mandamus.

Plaintiff argued that the Board would suffer no prejudice if the limitations period was tolled. The Board and respondents could not show that tolling the limitations period would prevent it from gathering evidence for its position. Plaintiff also argued that he had acted in good faith throughout the administrative proceedings and in this petition.

The trial court denied equitable tolling. It found that plaintiff was not pursuing a claim simultaneously in two different forums. Plaintiff's argument was, in effect, that the Board's refusal to consider his petition for reconsideration tolled the statute. But the

Board had informed plaintiff by letter dated August 12, 2016, that it no longer considered him to be pursuing any administrative remedies before it. Thus, plaintiff was not pursuing a claim in another forum for purposes of equitable tolling. There was no administrative remedy to be pursued. Further, whether the Board improperly rejected plaintiff's petition for reconsideration was irrelevant. Under section 11521, the 30-day limitations period of section 11523 began to run on August 8, 2016, the day the Board lost jurisdiction to consider the petition, timely filed or not. Plaintiff did not file his motion to join until after the limitations period expired.

We conclude plaintiff has not established equitable tolling's third element, that his conduct was reasonable and in good faith. This element encompasses two distinct requirements: "A plaintiff's conduct must be objectively reasonable and subjectively in good faith." (*Saint Francis, supra*, 9 Cal.5th at p. 729.)

The reasonableness test is objective. "An analysis of reasonableness focuses not on a party's intentions or the motives behind a party's actions, but instead on whether that party's actions were fair, proper, and sensible in light of the circumstances. . . . [A party] must demonstrate that its late filing was objectively reasonable under the circumstances." (*Saint Francis, supra*, 9 Cal.5th at p. 729.)

The trial court determined in effect that plaintiff's late filing of his motion to add the Board as a party was not objectively reasonable. We agree with the trial court. Section 11523 clearly provided that the limitations period began to run 30 days after the last day reconsideration could be considered, and plaintiff waited seven months after that date to seek to add the Board as a party. (§§ 11521, subd. (a); 11523.) Because the trigger was the Board's loss of authority, the period began to run whether or not the reconsideration petition was timely filed or resolved or other procedural errors were made. At that point, because the Board could provide no further relief, plaintiff's only remedy was to file a petition for mandamus.

13

Plaintiff's belief that he was entitled or required to pursue reconsideration to a final decision is legally incorrect. His right to file his mandate petition "shall not be affected by the failure to seek reconsideration before the agency." (§ 11523.) Indeed, plaintiff filed his mandate petition before he filed his petition for reconsideration with the Board. Despite this, in the mandate petition, he did not name as a respondent the actual entity that revoked his license. The Board has exclusive authority to discipline a licensee and prosecute violations of the licensing law. (Bus. & Prof. Code, §§ 5620 subd. (d); 5629.) And plaintiff knew it was the Board who had disciplined him. The cover letter McKinney sent to plaintiff stated the Board had adopted the decision to revoke his license. The decision underneath the cover letter stated the Board and the Committee had adopted the decision to revoke his license. Relying on the relevant statutes and undisputed facts, we conclude plaintiff's not timely naming the Board as a party was not objectively reasonable.

Plaintiff claims he was not given notice that the limitations period of Government Code section 11523 and Code of Civil Procedure section 1094.5 applied to his case. He does not cite to any authority that required the Board to give him that notice, and we are aware of none. By proceeding in pro per, however, he was entitled to the same, but no greater, consideration than other litigants and attorneys, and he was held to the same restrictive rules of procedure as an attorney. (*Nelson v. Gaunt* (1981) 125 Cal.App.3d 623, 638-639.) It was plaintiff's responsibility to learn the proper procedures and time for challenging the Board's decision.

Plaintiff argues the limitations period cannot be enforced because the Board's decision on his reconsideration petition did not become effective. It was not effective because the Board wrongly concluded the reconsideration petition was not timely filed, particularly where the decision affected a vested property right in his license.

Plaintiff is incorrect. The Board's decision on the reconsideration petition, that it was not timely filed, was effective immediately, as the Board as a matter of law lost

14

jurisdiction to consider the petition on August 8, 2016. Whether the Board's decisions on the merits and on the reconsideration petition were procedurally or substantively defective did not affect those decision's effectiveness unless and until a court of law determined otherwise pursuant to a petition for writ of administrative mandate timely filed against the Board under Code of Civil Procedure section 1094.5. And, most importantly here, it was the Board's decisions becoming effective, and not any procedural or substantive error in the decisions, that triggered the running of the statute of limitations. Again, the operation of a statute of limitations "does not discriminate between the just and the unjust claim, or the voidable and unavoidable delay." (*Chase Sec. Corp. v. Donaldson, supra*, 325 U.S. at p. 314.)

The trial court did not err in determining not to invoke equitable tolling.

D.    *Deficient administrative record*

Plaintiff asserts the evidence in the record does not support the trial court's denying his motion to add the Board as a party because evidence of the effective date of the Board's decision, and the Board's decision itself, were not included in the administrative record at the time of the hearing. Thus, the court could not determine when the statute of limitations began to run.

The trial court had sufficient evidence of the Board's decision and its effective date. Plaintiff attached a copy of the decision, which also stated its original effective date, to his petition. He declared under penalty of perjury that the exhibits filed with the petition were true and correct copies.

In addition, as part of an ex parte motion plaintiff filed on October 21, 2016, plaintiff declared under penalty of perjury that the Board adopted its decision on June 9, 2016, McCauley stayed the decision's effective date on July 8, 2016, and that the Board notified plaintiff that it did not consider his petition for reconsideration because its decision became effective on August 8, 2016, the day the Board lost jurisdiction of the

15

matter. Plaintiff's motion to add the Board as a party was based on all of the pleadings and papers on file with the trial court in this action. The trial court could determine when the statute of limitations began to run from this evidence.

E.    *New information*

Plaintiff asserts that at the time of his motion to add the Board as a party, he was ignorant of facts showing that the Board had violated statutes and denied him due process in reviewing and rejecting his application to renew his license. He states that had he known of these violations, he could have argued that the Board was barred from enforcing the statute of limitations because of them, and he would have taken further action in the trial court to protect his interests. He asks for leave to amend to state a cause of action based on all facts regarding his license renewal.

Any cause of action plaintiff had against the Board arising from its decision to revoke his license accrued for statute of limitations purposes on the day the Board lost jurisdiction to consider his petition for rehearing. (§ 11523.)

Plaintiff states that upon becoming aware of these additional facts, he filed an action against the Board in Sacramento County Superior Court alleging fraud, misrepresentation, negligence, and other torts. If that is so, he is pursuing his causes of action against the Board based on the new facts in that action, and we will not interfere.

For all of the above reasons, we conclude the trial court did not err in denying plaintiff's motion to add the Board as a party.

III

*Judgment on the Pleadings*

Code of Civil Procedure section 389 governs joinder of parties. Subdivision (a) of section 389 defines a necessary party and requires that party to be joined to an action. Subdivision (b) directs a court to consider whether an action should proceed if a necessary party cannot be joined to the action.

16

The trial court granted judgment on the pleadings and dismissed plaintiff's writ petition pursuant to Code of Civil Procedure section 389. It found that the Board was a necessary and indispensable party that could not be added due to the statute of limitations, and plaintiff did not allege facts constituting a cause of action against respondents.

Plaintiff contends the trial court erred because it did not make findings required by Code of Civil Procedure section 389 for concluding the Board was a necessary and indispensable party. Plaintiff also argues that the Board is barred from asserting the statute of limitations for the reasons discussed above, and as a result, he, or we in equity, could amend his petition to cure the defect by naming the Board as a party and also alleging the new facts concerning his due process claim. Even if he cannot amend, plaintiff asserts he could still proceed on the writ with just the named respondents and obtain the relief he seeks.

Generally, we apply the same standard of review to an appeal from a judgment on the pleadings as we do to a judgment of dismissal following the sustaining of a general demurrer. "In an appeal from a motion granting judgment on the pleadings, we accept as true the facts alleged in the complaint and review the legal issues de novo. 'A motion for judgment on the pleadings, like a general demurrer, tests the allegations of the complaint or cross-complaint, supplemented by any matter of which the trial court takes judicial notice, to determine whether plaintiff or cross-complainant has stated a cause of action. [Citation.] Because the trial court's determination is made as a matter of law, we review the ruling de novo, assuming the truth of all material facts properly pled.' (*Leko v. Cornerstone Bldg. Inspection Service* (2001) 86 Cal.App.4th 1109, 1114.)" (*Angelucci v. Century Supper Club* (2007) 41 Cal.4th 160, 166.)

Our review is modified when the trial court granted judgment on the pleadings based on the absence of a necessary and indispensable party. "[Code of Civil Procedure section] 389 calls upon the trial court to weigh practical realities and other considerations

17

in determining whether a person is necessary or indispensable." (*Pinto Lake MHP LLC v. County of Santa Cruz* (2020) 56 Cal.App.5th 1006, 1014 (*Pinto Lake*).) Thus, we review the trial court's application of section 389 to the facts before it for an abuse of discretion, and we reverse only if the trial court's determination is arbitrary or capricious. (*Pinto Lake,* at p. 1014.)

Under Code of Civil Procedure section 389, subdivision (a), a person who is subject to service of process and whose joinder will not deprive the court of subject matter jurisdiction is a necessary party and must be joined to an action if, among other possible reasons, "in his absence complete relief cannot be accorded among those already parties[.]" (Code Civ. Proc., § 389, subd. (a)(1).)

Under Code of Civil Procedure section 389, subdivision (b), if a necessary party "cannot be made a party" to the action, the trial court must determine "whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed without prejudice, the absent person being thus regarded as indispensable." (Code Civ. Proc., § 389, subd. (b).) Subdivision (b) provides a nonexclusive list of facts the court is to consider in making that determination: "(1) to what extent a judgment rendered in the person's absence might be prejudicial to him or those already parties; (2) the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; (3) whether a judgment rendered in the person's absence will be adequate; (4) whether the plaintiff or cross-complainant will have an adequate remedy if the action is dismissed for nonjoinder." (*Ibid*.)

The trial court found that the Board was both a necessary and an indispensable party to this action. We infer from the ruling that the court agreed with respondents' arguments, which the court summarized. The Board was a necessary party because the court could grant plaintiff's requested relief only if the Board was named as a party. The Board, however, could not be made a party due to the running of the statute of

limitations. As a result, the Board was an indispensable party, and the court entered judgment on the pleadings as it could not grant the relief plaintiff sought.

The trial court did not abuse its discretion in making this determination. The Board was a necessary party. In its absence, the trial court could not provide plaintiff complete relief. The Board was the only entity authorized to discipline plaintiff; thus, any staying, setting aside, or correction of the Board's decision by the court could be made and be effective only if the Board was a party. Plaintiff's assertion that the court could still proceed and direct respondents to provide plaintiff the relief he seeks is simply not true. Respondents have no authority to set aside or reconsider the Board's decision.

Plaintiff asserts that the Board can in fact be made a party. It is axiomatic that a person "cannot be made a party" to the action for purposes of Code of Civil Procedure section 389, subdivision (b) when the statute of limitations has expired. (*Pinto Lake, supra*, 56 Cal.App.5th at p. 1014; see also *Tracy Press, supra*, 164 Cal.App.4th at p. 1297; *Kaczorowski v. Mendocino County Bd. of Supervisors* (2001) 88 Cal.App.4th 564, 567; *Save Our Bay, Inc. v. San Diego Unified Port Dist.* (1996) 42 Cal.App.4th 686, 699; *Beresford Neighborhood Assn. v. City of San Mateo* (1989) 207 Cal.App.3d 1180, 1190; *Sierra Club v. California Coastal Com.* (1979) 95 Cal.App.3d 495, 502-503.)

Plaintiff relies on his earlier arguments which he claimed prevent the Board from asserting the statute of limitations and render the Board's decisions ineffective. We have already rejected plaintiff's arguments and will not repeat our analysis here. The statute of limitations bars the Board from being named as a party in this action.

Plaintiff also claims we must reverse because the trial court did not reach a determination under subdivision (b) of Code of Civil Procedure section 389: whether the Board, as a necessary party that could not be added to the action, was also an indispensable party. To support his argument, plaintiff relies on *Pinto Lake*. In that case, the Court of Appeal held that the trial court, upon sustaining a demurrer for failing to join

19

necessary parties, did not reach the question under subdivision (b), and it remanded on that basis. (*Id*. at pp. 1010, 1018-1020.)

Here, the trial court reached the issue. It expressly found that plaintiff had not stated a cause of action against the respondents because he "failed to name a party [the Board] that is necessary and indispensable to the relief he seeks."

The thrust of plaintiff's argument is that the trial court did not explain its reasoning in support of its findings. It was not required to. A trial court is not required to issue a written statement of decision concerning its ruling on a motion. (*Facebook, Inc. v. Superior Court* (*Touchstone*) (2020) 10 Cal.5th 329, 358.) A court should nonetheless create a record that facilitates meaningful appellate review. (*Ibid*.) The trial court's order on the motion for judgment on the pleadings satisfies that standard. The court found that the Board had sole authority to modify its disciplinary decisions if ordered by a court. Because of this fact, and the fact that the statute of limitations had expired as against the Board, the Board was a necessary party that could not be added to the action. Moreover, the Board was an indispensable party because the court could not grant relief to plaintiff without the Board being named a party. And the named respondents could not grant plaintiff relief.

The trial court did not abuse its discretion in granting judgment on the pleadings in favor of respondents.

IV

*Remaining Arguments*

Plaintiff contends the trial court erred in granting a motion by McCauley to augment the administrative record to include documents plaintiff did not include in the record but should have, and in not considering a motion by plaintiff to augment the record because it was mooted by the judgment.

20

Because the evidence in the record is sufficient to support the court's judgment, the arguments are moot, and we do not consider them.

## DISPOSITION

The judgment is affirmed. Costs on appeal are awarded to respondents. (Cal. Rules of Court, rule 8.278(a).)


                                                    _____

                                                    HULL, Acting P. J.


We concur:


_____

MAURO, J.


_____

HOCH, J.