Filed 8/5/22

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING,<br><br>    Petitioner,<br><br>    v.<br><br>THE SUPERIOR COURT OF SANTA CLARA COUNTY,<br><br>    Respondent,<br><br>CISCO SYSTEMS, INC., et al.,<br><br>    Real Parties in Interest. | No. H048962<br>(Santa Clara<br> Super. Ct. No. 20-CV-372366) |

When a party to a civil action asks to proceed under a fictitious name, the trial court must determine whether that party's privacy concerns outweigh the First Amendment right of public access to court proceedings. In this employment discrimination suit by the Department of Fair Employment and Housing, the Department asked that the real party in interest—the affected employee—be referred to as John Doe, in part because revealing his identity could jeopardize the safety of his family members in India. The trial court denied the request, deciding that the safety of a party's family members outside California cannot be considered when weighing the competing interests in privacy versus public access. We conclude evidence of potential harm to family members anywhere is a legitimate consideration in determining whether a party should be granted anonymity in litigation. We will issue a writ of mandate directing the trial court to vacate its order and reconsider the issue.

# I. BACKGROUND

The Department of Fair Employment and Housing, the state administrative agency responsible for enforcing employment discrimination laws, brought this action against Cisco Systems, Inc., for employment discrimination based on caste. The Department's complaint alleges an engineer employed by Cisco was treated unfavorably by two supervisors because he is from the lowest caste (Dalit) under the traditional caste system of India.

The Department sued under the Fair Employment and Housing Act, which allows it to bring a civil action on behalf of an employee affected by discrimination. (See Gov. Code, § 12965, subd. (a)(1).) In such an action, the Department is the plaintiff and the employee is the real party in interest. (Gov. Code, § 12965, subd. (a)(3).) The employee was concerned about further mistreatment, even violence, against him and his family if his lower caste status were publicly revealed. He asked that the Department not use his name in legal filings and that his identity be protected from disclosure in court proceedings.

The Department moved for an order allowing the employee to proceed in the action under a fictitious name. It supported the motion with evidence that in India violence is regularly perpetrated against people considered to be of lower caste status, and the employee has family members who live there and could be in danger if their caste affiliation became known. The Department also presented evidence that publicly revealing the caste of the employee could hinder his ability to obtain future employment and might result in his family being socially ostracized.

The trial court denied the motion. It acknowledged that fictitious names can be used in judicial proceedings when identifying a party would create a risk of retaliatory physical or mental harm. But it expressly declined to consider evidence that revealing the employee's caste affiliation created a risk of harm to family members in India. The trial court stated in its written order: "While the Court has great sympathy for the plight

2

of those members of the Dalit in India, research has not revealed any case authority—and Plaintiff has not pointed to any case authority—as to whether residents of another country or another country's discriminatory practices is a consideration as to whether a party in California may remain anonymous in a lawsuit alleging violation of the California FEHA against a corporation in California." The court found speculative whether the employee would be denied future employment opportunities and subjected to harassment if his identity were revealed, and decided the evidence was insufficient to allow for anonymity on that basis.

The Department petitioned for a writ of mandate requiring the trial court to vacate its order and allow use of a fictitious name. We temporarily stayed the ruling and issued an order to show cause why the requested relief should not be granted.

## II. DISCUSSION

The names of all parties to a civil action must be included in the complaint. (Code Civ. Proc., § 422.40.) That requirement extends to real parties in interest—anyone with a substantial interest in the subject matter of the action. (*Tracy Press, Inc. v. Superior Court* (2008) 164 Cal.App.4th 1290, 1296–1297.) In an employment discrimination lawsuit brought by the Department of Fair Employment and Housing, the affected employee is a real party in interest. (Gov. Code, § 12965, subd. (a)(3).) As a result, the Department's motion for the employee to proceed under a fictitious name is a request that a party be allowed to litigate anonymously.

Because of the inherently sensitive nature of some proceedings, statutes specifically allow for keeping certain parties' identities confidential. (See, for example, Civ. Code, § 1708.85, subd. (f)(1) [plaintiff in action for nonconsensual distribution of sexually explicit materials may proceed under pseudonym]; Code Civ. Proc., § 372.5 [allowing pseudonym for guardian ad litem litigating on behalf of a minor]; Civ. Code, § 3427.3 [allowing pseudonym in actions for interference with access to health care]; Cal. Rules of Court, rule 8.401(a) [providing for anonymity in juvenile appeals].) Even in the

3

absence of a statute, anonymity for parties may be granted when necessary to preserve an important privacy interest. (*Doe v. Lincoln Unified School District* (2010) 188 Cal.App.4th 758, 766; see also *Starbucks Corp. v. Superior Court* (2008) 168 Cal.App.4th 1436, 1452, fn. 7.)

In *Doe v. Lincoln Unified School District*, *supra*, 188 Cal.App.4th 758, the court of appeal noted the common practice in California courts of using pseudonyms to protect privacy, and observed federal courts have likewise permitted plaintiffs to use pseudonyms "in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." (*Id*. at pp. 766–767; quoting *Does I thru XXIII v. Advanced Textile Corp.* (9th Cir. 2000) 214 F.3d 1058, 1067.) But no California case has articulated the standard that applies to determine whether a party may proceed anonymously absent specific statutory authorization. (See *Starbucks Corp. v. Superior Court*, *supra*, 168 Cal.App.4th 1436, 1452, fn. 7 ["We do not decide the appropriate standards or mechanisms for protective nondisclosure of identity in California, because the matter is not now before us."].)

In determining the appropriate standard, we first note that here the identity of the employee seeking to proceed under a pseudonym is known to the defendant. Significant constitutional concerns would be implicated were it otherwise. (See, e.g., *Alvarado v. Superior Court* (2000) 23 Cal.4th 1121, 1132 [testimony from an anonymous witness unknown to a criminal defendant violates right of confrontation and due process].) Since the employee's identity is known to the defendant, proceeding anonymously would not similarly intrude on the defendant's rights.

But another important constitutional right is implicated when a party is allowed to proceed anonymously: the right of public access to court proceedings. Among the guarantees of the First Amendment to the United States Constitution is that court proceedings are open and public. (*Richmond Newspapers, Inc. v. Virginia* (1980) 448 U.S. 555, 580.) Public access to court proceedings is essential to a functioning

4

democracy. It promotes trust in the integrity of the court system, and it exposes abuses of judicial power to public scrutiny. (*NBC Subsidiary (KNBC-TV), Inc. v. Superior Court* (1999) 20 Cal.4th 1178, 1221 (*KNBC*).) The right of public access applies not only to criminal cases, but also to civil proceedings like this one. (*Id.* at p. 1222.) And the right to access court proceedings necessarily includes the right to know the identity of the parties. (*Id.* at p. 1211 [public has a general right of access to civil proceedings; by submitting a dispute to resolution in court, litigants should anticipate the proceedings will be adjudicated in public].)

*KNBC* involved media coverage of a civil trial between two Hollywood celebrities. In an effort to prevent the jury from learning through the media of matters discussed outside the jury's presence, the trial court closed the courtroom to all spectators – including the media – except when the jury was present. The California Supreme Court held that closing a courtroom to the public during trial proceedings infringes on the First Amendment right to public access. Under *KNBC*, because of the constitutional interest at stake, a trial court cannot close proceedings to the public without first conducting a hearing and expressly finding an overriding interest supporting closure; a substantial probability the overriding interest will be prejudiced absent closure; the proposed closure is narrowly tailored to serve the overriding interest; and no less restrictive means would protect the overriding interest. (*KNBC*, *supra*, 20 Cal.4th 1178, 1218–1221.)

*KNBC* also made clear the public's right of access extends to documents filed in a civil proceeding, so the same inquiry must be conducted before a court can seal any portion of the record. (*KNBC*, *supra*, 20 Cal.4th 1178, 1217.) The Judicial Council accordingly has adopted rules requiring that courts employ the overriding interest test before sealing a record. (Cal. Rules of Court, rules 2.550; 2.551; 8.160; see also *Mercury Interactive Corp. v. Klein* (2007) 158 Cal.App.4th 60, 68.)

Much like closing the courtroom or sealing a court record, allowing a party to litigate anonymously impacts the First Amendment public access right. Before a party to

a civil action can be permitted to use a pseudonym, the trial court must conduct a hearing and apply the overriding interest test: A party's request for anonymity should be granted only if the court finds that an overriding interest will likely be prejudiced without use of a pseudonym, and that it is not feasible to protect the interest with less impact on the constitutional right of access.[1] In deciding the issue the court must bear in mind the critical importance of the public's right to access judicial proceedings. Outside of cases where anonymity is expressly permitted by statute, litigating by pseudonym should occur "only in the rarest of circumstances." (*KNBC*, *supra*, 20 Cal.4th 1178, 1226.)

Our review of the decision to deny a request to proceed under a pseudonym involves a constitutional question, and we therefore use our independent judgment to determine whether the trial court's ruling is correct. (*Krinsky v. Doe 6* (2008) 159 Cal.App.4th 1154, 1161–1162.) Although the trial court applied the correct standard to decide the question, it erred by not considering relevant evidence likely to affect the answer. In making its decision the court expressly considered the public's right to access court proceedings, and cited *KNBC* in its order. It considered whether an important interest would be prejudiced if the employee were required to publicly disclose his identity. Even without any California authority directly on point, it is clear the trial court understood the interests it needed to balance. (See, e.g., *Does I thru XXIII v. Advanced Textile Corp.*, *supra*, 214 F.3d 1058, 1068–1073 [setting out factors courts should consider in response to a party's request for anonymity].)

But in deciding whether an overriding interest justified anonymity, the trial court expressly declined to consider the employee's concern about safety of family members in India. That was error. Retaliatory harm to family members—wherever they are

___

[1] Procedurally, because a hearing is required, a party who wants to proceed anonymously will file the initial complaint or petition *conditionally* under a pseudonym and then move for an order granting permission to proceed that way. If the request is granted, the initial pleading can remain. If pseudonym use is denied, the pleading must be amended to state the party's true name.

located—is precisely the kind of interest that may justify allowing a party to litigate under a pseudonym. As the trial court acknowledged, substantial risk of harm to the employee himself would be sufficient to allow for anonymity. An identifiable risk that family members will suffer retaliatory physical harm should be treated the same way. Indeed, specific concerns for the safety of family members may sometimes be greater than the concern for one's own safety. The fact that the family members are geographically distant does not render the concern irrelevant as a threshold matter.

A party seeking anonymity has the burden to show that geographically distant family members are at risk. The trial court's task is to consider the evidence produced on that point and assign it the appropriate weight. (See, e.g., *Singh v. INS* (9th Cir. 1996) 94 F.3d 1353, 1359 [In asylum proceeding, "whether discrimination, harassment, or violence directed at a particular group on account of a protected ground is sufficiently offensive to constitute persecution [] must be decided on a case-by-case basis."].) Assessing the specific risk of harm to family members in India is therefore a fact-dependent exercise and involves factors such as the likelihood of harm to the identified family members and how severe the harm would be. Those considerations are critical to determining whether the risk of harm to family members is an overriding interest that outweighs the First Amendment right of public access to court proceedings. The trial court never made findings on those points because it deemed the issue of family member safety irrelevant and did not consider it further. The trial court should be given the opportunity to make the determination in the first instance. We therefore conclude the appropriate remedy is to vacate the order denying the request to proceed under a fictitious name and direct the trial court to reconsider the issue. When it does so, the court must apply the overriding interest test and take into account all considerations relevant to determining whether the public's right of access is outweighed by the employee's privacy interest, including specific risk of retaliatory harm to family members outside the jurisdiction.

7

### III.    DISPOSITION

The petition for writ of mandate is granted.  Let a peremptory writ of mandate issue directing respondent court to vacate its order denying petitioner's motion to proceed using a fictitious name and to reconsider the motion based on the views expressed in this opinion.  Costs in this original proceeding are awarded to petitioner.

_____

Grover, Acting P. J.

**WE CONCUR:**

_____

Danner, J.

_____

Lie, J.

H048962 - *Department of Fair Employment and Housing v. Superior Court*

| | |
|---|---|
| Trial Court: | Santa Clara County Superior Court<br>Superior Court No. 20-CV-372366 |
| Trial Judge: | Hon. Drew C. Takaichi |
| Counsel for Petitioner Department of Fair Employment and Housing | Janette L Wipper<br>Melanie Lea Proctor<br>California Department of Fair Employment<br><br>Chaya M. Mandelbaum<br>Michelle G Lee<br>Rudy, Exelrod, Zieff & Lowe, LLP |
| Respondent Superior Court of the State of California | (No appearance noted.) |
| Counsel for Real Party in Interest Cisco Systems, Inc. | Lynne C. Hermle<br>Joseph C. Liburt<br>Carolina Aicon Garcia<br>Orrick, Herrington & Sutcliffe |
| Counsel for Real Parties in Interest Ramana Kompella and Sundar Iyer | Alexander John Hernaez<br>Andrew Stephen Esler<br>Fox Rothschild LLP<br><br>David M. Axelrad<br>Dean Alan Bochner<br>Horvitz & Levy LLP |