Filed 12/5/22 Modified and Certified for Pub. 12/30/22 (order attached)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| FREEDOM FOUNDATION,<br><br>        Petitioner,<br><br>    v.<br><br>THE SUPERIOR COURT OF SACRAMENTO COUNTY,<br><br>        Respondent;<br><br>DEPARTMENT OF HUMAN RESOURCES,<br><br>        Real Party in Interest. | C096273<br><br>(Super. Ct. No. 34202000278646) |

Freedom Foundation filed a petition for writ of mandate and complaint for declaratory and injunctive relief under the California Public Records Act (PRA; Gov. Code, § 6250 et seq.[1]) to compel the Department of Human Resources (CalHR) to

---

[1] Undesignated statutory references are to the Government Code.

1

disclose records regarding collective bargaining units and state employees.  The trial court denied the petition and complaint.

Freedom Foundation sought extraordinary writ relief in this court.  Freedom Foundation argues:  (1) the collective bargaining exemption under section 6254, subdivision (p)(1) is limited to information that reveals an agency's deliberative processes; and (2) CalHR is obligated to search the database maintained by the State Controller's Office for responsive documents.  We issued an order to show cause.  After reviewing the parties' additional briefing, we deny the petition.

## I.  BACKGROUND

*A.     Statutory Background*

The California Public Records Act "establishes a basic rule requiring disclosure of public records upon request.  (§ 6253.)  In general, it creates 'a presumptive right of access to any record created or maintained by a public agency that relates in any way to the business of the public agency.'  [Citation.]  Every such record 'must be disclosed unless a statutory exception is shown.'  [Citation.]  Section 6254 sets out a variety of exemptions. . . ."  (*City of San Jose v. Superior Court* (2017) 2 Cal.5th 608, 616, fn. and emphasis omitted.)  The exemption at issue in this proceeding is set forth in section 6254, subdivision (p)(1).  In pertinent part, it exempts from disclosure "[r]ecords of state agencies related to activities governed by Chapter 10.3 (commencing with Section 3512) . . . , that reveal a state agency's deliberative processes, impressions, evaluations, opinions, recommendations, meeting minutes, research, work products, theories, or strategy."  (§ 6254, subd. (p)(1).)

Sections 3512 through 3524, referenced in this exemption, is the Ralph C. Dills Act (hereafter the Dills Act).  (§ 3524.)  The Dills Act governs the collective bargaining process between certified employee organizations and the State of California.  (*Professional Engineers in California Government v. Schwarzenegger* (2010) 50 Cal.4th 989, 1016, fn. 16.)  "The Director of CalHR represents the Governor in these negotiations

[citations], and once a union and the director have reached agreement, they are required to prepare an MOU [(memorandum of understanding)] memorializing the terms of that agreement." (*Stoetzl v. Department of Human Resources* (2019) 7 Cal.5th 718, 738.)

B.      *Factual and Procedural Background*

In January 2020, Freedom Foundation submitted a PRA request to CalHR seeking the following information:

1.  The total number of state employees paid by the State of California in each month of 2018 and 2019.

2.  For each bargaining unit:  name of bargaining unit representative (labor organization), agencies/departments represented, total number of employees in the bargaining unit who were paid by the State of California in each month of 2018 and 2019, total number of employees in the bargaining unit who were paid by the State of California and who had union dues or fees withheld from their pay in each month of 2018 and 2019, and total amount of union dues/fees withheld by the State of California from the pay of employees in the bargaining unit in each month of 2018 and 2019.

In March 2020, Freedom Foundation submitted a second PRA request to CalHR. It sought, for each employee currently employed in specified bargaining units:  full name, month and year of birth, job classification title, job classification code, employee identification number, hire date, current pay rate/salary, FTE status/percentage, work email address, worksite/duty station address, and bargaining unit number.

CalHR responded to both requests by explaining that the document it possessed that was arguably responsive was exempt from disclosure under section 6254, subdivision (p)(1) because it was a record related to activities under the Dills Act.  In its response to the March 2020 request, CalHR added that while it "may access the data provided by the State Controller's Office (SCO), CalHR does not own it, thus cannot give it out.  You will need to contact SCO for more information."

3

In May 2020, Freedom Foundation filed a petition for writ of mandate and complaint for declaratory and injunctive relief that sought a writ of mandate directing CalHR to furnish all public documents meeting the description in its requests.

In support of its opposition to the petition and complaint, CalHR submitted declarations supporting its claimed exemption.

The Deputy Director of Labor Relations at CalHR explained that he serves as the state's chief negotiator. Labor relations staff research and evaluate bargaining proposals and strategies. In order to carry out the labor relations division's duties and activities under the Dills Act, they "need various points of information, research, analyses, and evaluations regarding wages, hours, and other terms and conditions of employment for the state employees covered by the MOU[]s. This information, research, and analysis informs [their] decision making to formulate state bargaining proposals, to evaluate proposals passed by the respective unions, and to inform and advise the Director concerning labor relations."

One way in which the labor relations division obtains this information "is through a custom report of statewide data that CalHR purchases from the State Controller's Office (SCO). The reports are customized by CalHR and inform [the] staff and [the Deputy Director of Labor Relations] of necessary information about the state workforce as it relates to Dills Act activities. [They] specifically use the reports to evaluate bargaining proposals, to develop strategies for collective bargaining, and to inform and advise the Director." The Deputy Director of Labor Relations explained that the CalHR customized SCO report is the work product document for which CalHR claimed the collective bargaining exemption under section 6254, subdivision (p)(1).

CalHR also submitted evidence that it only "has access to certain databases as permitted by the SCO. Further, only certain CalHR staff has access to certain databases—not all staff have access to the same databases. CalHR only has view access to the statewide databases and does not have permission to add, modify, or delete data

4

within any of the statewide databases." For some of the information, CalHR does not have any access to historical information. Additionally, in order to access the mainframe system, "CalHR must submit a justification to the SCO describing the reason the staff member needs access to a certain database, and must be approved by the SCO." For datasets that are not available as part of the mainframe system, CalHR must pay the SCO for the datasets.

The trial court issued a ruling denying the petition for writ of mandate and the complaint for declaratory and injunctive relief. The court found the evidence supported CalHR's contention that the responsive document revealed confidential information regarding its evaluations, opinions, strategy, and bargaining positions. "There is no evidence before the Court that [CalHR] maintains the raw data sought by Petitioner's request in a document separate from this collective bargaining strategy document. Respondent is not obligated by the PRA to create such a document." The court also found CalHR had no obligation to search SCO's database for documents responsive to the request.

The trial court entered judgment against Freedom Foundation.

Freedom Foundation sought review in this court by filing a verified petition for writ of mandate. CalHR opted not to file a preliminary opposition.

This court issued an order to show cause why the relief prayed for should not be granted.

CalHR filed a return by demurrer and answer.

## II. DISCUSSION

### A.     *Alleged Deficiencies in the Petition*

"An order of the trial court under the Public Records Act is reviewable immediately by petition to the appellate court for issuance of an extraordinary writ." (*Consolidated Irrigation Dist. v. Superior Court* (2012) 205 Cal.App.4th 697, 708; see § 6259, subd. (c).) "The filing of a petition for writ of mandate in this court, even though

5

it follows denial of the petition in the superior court, is an original proceeding, not an appeal." (*Tracy Press, Inc. v. Superior Court* (2008) 164 Cal.App.4th 1290, 1296.)

In its return by demurrer, CalHR argues, in part, that Freedom Foundation's petition is defective because it is not in the form of an original proceeding with allegations and causes of action but consists solely of a memorandum of points and authorities. CalHR has not demonstrated that the petition contains any defects that would prevent us from addressing Freedom Foundation's arguments on the merits. For instance, the petition is verified and attaches the evidence cited to in the statement of the case. (See Cal. Rules of Court, rule 8.486(a)(4), (b)(1).) We will therefore address Freedom Foundation's arguments on the merits.

B.      *Standard of Review*

"[W]e . . . conduct an independent review of the trial court's ruling; factual findings made by the trial court will be upheld if based on substantial evidence." (*Times Mirror Co. v. Superior Court* (1991) 53 Cal.3d 1325, 1336.)

C.      *Exemption for Records Related to Activities Governed by the Dills Act*

1.      *Not Limited to Records Revealing Deliberative Processes*

Freedom Foundation argues the exemption set forth in section 6254, subdivision (p)(1) is inapplicable because it requested aggregate data and that data does not reveal CalHR's deliberative processes. As previously set forth, this provision exempts from disclosure "[r]ecords of state agencies related to activities governed by" the Dills Act "that reveal a state agency's deliberative processes, impressions, evaluations, opinions, recommendations, meeting minutes, research, work products, theories, *or* strategy." (§ 6254, subd. (p)(1), italics added.) Freedom Foundation contends section 6254, subdivision (p)(1) "offers a list of items for possible exemption, including research, evaluations, recommendations, work product and others – all under the umbrella of 'deliberative processes.' " Freedom Foundation asserts we should use the rule of statutory construction known as *ejusdem generis* to interpret each item on the list

6

"relative" to the first term "deliberative processes." In other words, Freedom Foundation argues "deliberative" must be read to modify each item in the list.**2** We disagree.

"The applicable principles of statutory construction are well settled. 'In construing statutes, we must determine and effectuate legislative intent.' [Citation.] 'To ascertain intent, we look first to the words of the statutes' [citation], 'giving them their usual and ordinary meaning.' " (*Lennane v. Franchise Tax Bd*. (1994) 9 Cal.4th 263, 268.) " 'Furthermore, we consider portions of a statute in the context of the entire statute and the statutory scheme of which it is a part, giving significance to every word, phrase, sentence, and part of an act in pursuance of the legislative purpose.' " (*Sierra Club v. Superior Court* (2013) 57 Cal.4th 157, 166.)

"[T]o the extent that legislative intent is ambiguous, the California Constitution requires us to 'broadly construe[ ]' the PRA to the extent 'it furthers the people's right of access' and to 'narrowly construe[ ]' the PRA to the extent 'it limits the right of access.' " (*Sierra Club v. Superior Court, supra*, 57 Cal.4th at p. 166.) However, "we may not countermand the Legislature's intent to exclude or exempt information from the PRA's disclosure requirements where that intent is clear." (*Ibid*.) "If there is no ambiguity in the language of the statute, 'then the Legislature is presumed to have meant what it said, and the plain meaning of the language governs.' [Citation.] 'Where the statute is clear, courts will not "interpret away clear language in favor of an ambiguity that does not exist." ' " (*Lennane v. Franchise Tax Bd., supra*, 9 Cal.4th at p. 268.)

"*Ejusdem generis* is an aid to be used if the language is ambiguous." (*Zumbrun Law Firm v. California Legislature* (2008) 165 Cal.App.4th 1603, 1619.) "An ambiguity

---

**2** Freedom Foundation argues the terms "deliberative processes," "research," and "work product" in section 6254, subdivision (p)(1) should be interpreted to have the same meaning as they do in subdivision (y). This argument is unhelpful because Freedom Foundation offers no showing of how those terms have been interpreted in section 6254, subdivision (y).

7

arises only if '. . . there [is] more than one construction in issue which is semantically permissible, i.e., more than one usage which makes sense of the statutory language given the context and applicable rules of usage.' " (*City of Sacramento v. Public Employees' Retirement System* (1994) 22 Cal.App.4th 786, 795; see also *Arias v. Superior Court* (2009) 46 Cal.4th 969, 979 ["Usually, there is no need to construe a provision's words when they are clear and unambiguous and thus not reasonably susceptible of more than one meaning"].)  Freedom Foundation has not demonstrated any relevant ambiguity in the statutory text.[3]  As the trial court explained, "the plain language of [section 6254,] subdivision (p) is not limited to documents which reveal an agency's deliberative processes.  To the contrary, the exemption applies to any records 'that reveal a state agency's deliberative processes, impressions, evaluations, opinions, recommendations, meeting minutes, research, work products, theories, *or* strategy . . . .'  (Emphasis added.) This plain language directs the Court that if the record at issue implicates any of the items in the list as part of the agency's participation in the collective bargaining process, it is exempt."

Freedom Foundation seems to argue this construction is absurd because the purpose of the California Public Records Act is to disclose documents.  While " ' "[t]he literal meaning of the words of a statute may be disregarded to avoid absurd results," ' " "[t]his exception should be used most sparingly by the judiciary and only in extreme cases else we violate the separation of powers principle of government." (*Unzueta v. Ocean View School Dist.* (1992) 6 Cal.App.4th 1689, 1698.)  "To justify departing from a literal reading of a clearly worded statute, the results produced must be so unreasonable the Legislature could not have intended them." (*In re D.B.* (2014) 58 Cal.4th 941, 948.)

_____

[3]  Freedom Foundation argues "work product" must refer to attorney work product.  We need not decide this question.

8

Freedom Foundation has failed to persuade us that the Legislature could not have intended the provision to apply as the trial court explained.

Even if we were to assume the statutory language is ambiguous, the doctrine of *ejusdem generis* "provides that 'when a general word or phrase follows a list of specifics, the general word or phrase will be interpreted to include only items of the same class as those listed.' " (*Wishnev v. The Northwestern Mutual Life Ins. Co*. (2019) 8 Cal.5th 199, 213.) For example, "[*e*]*jusdem generis* is typically applied to phrases that list several specific items, then refer to a general reference, using the term 'other.' [Citation.] 'Other' being an inherently ambiguous term, the specific items enumerated are used to qualify the more general item." (*Zumbrun Law Firm v. California Legislature, supra*, 165 Cal.App.4th at p. 1619.) The doctrine is inapplicable to section 6254, subdivision (p)(1). Freedom Foundation is taking the first term in a list and using it to limit every subsequent term in the list even though those terms are no more general than the first term. This is not a proper application of the doctrine of *ejusdem generis*.

We conclude, as the trial court did, that the statute does what it says—it exempts records of state agencies related to activities governed by the Dills Act that "reveal a state agency's deliberative processes, impressions, evaluations, opinions, recommendations, meeting minutes, research, work products, theories, *or* strategy." (§ 6254, subd. (p)(1), italics added.)

### 2. *Redaction Inapplicable*

Because we have rejected Freedom Foundation's construction of the collective bargaining exemption, we also find its assertion that CalHR should have produced redacted records that revealed only the "aggregate information" it sought unpersuasive. Section 6253, subdivision (a) provides: "Any reasonably segregable portion of a record shall be available for inspection by any person requesting the record after deletion of the portions that are exempted by law." Thus, " '[t]he fact that parts of a requested document fall within the terms of an exemption does not justify withholding the entire document.' "

9

(*Los Angeles County Bd. of Supervisors v. Superior Court* (2016) 2 Cal.5th 282, 292.) Section 6253, subdivision (a) "requires public agencies to use the equivalent of a surgical scalpel to separate those portions of a record subject to disclosure from privileged portions. At the same time, the statute places an express limit on this surgical approach—public agencies are not required to attempt selective disclosure of records that are not 'reasonably segregable.' " (*Los Angeles County Bd. of Supervisors, supra,* at p. 292.) The trial court did not err in concluding the entire document was exempt and implicitly concluding there were not reasonably segregable nonprivileged portions. (See *Consolidated Irrigation Dist. v. Superior Court*, *supra*, 205 Cal.App.4th at p. 709 [substantive evidence review applies to implied factual findings and de novo review applies to application of undisputed facts to interpretations of the PRA].) At a minimum, the evidence demonstrated, even if other information could be redacted from the document over which CalHR asserted the collective bargaining privilege, disclosing the information requested by Freedom Foundation would reveal CalHR's research and evaluations conducted pursuant to the Dills Act. As such, the court did not err in concluding CalHR was not required to produce this document at all.

D.     *No Obligation to Search State Controller's Office Database*

Freedom Foundation contends CalHR was required to search the database maintained by the SCO for other documents responsive to its public records request. We disagree.

"Public records" are defined in section 6252, subdivision (e) to "include[] any writing containing information relating to the conduct of the public's business prepared, owned, used, or retained by any state or local agency regardless of physical form or characteristics." However, upon receiving a public records request, an agency must determine whether the request "seeks copies of discloseable public records in the possession of the agency." (§ 6253, subd. (c).) In other words, "the duty set forth in . . . section 6253, subdivision (c) pertains to 'disclosable public records in the possession of

10

the agency.' Thus, to be successful, [a petitioner] must establish that the files (1) qualify as 'public records' and (2) were in the possession of [the agency]." (*Consolidated Irrigation Dist. v. Superior Court, supra*, 205 Cal.App.4th at p. 709.) "[W]hether a document located outside of an agency's walls, or servers, is sufficiently 'owned, used, or retained' by the agency so as to constitute a public record" under section 6252, subdivision (e) is a separate question from whether the agency has "an obligation to search for, collect, and disclose the material requested" under section 6253, subdivision (c). (*City of San Jose v. Superior Court, supra*, 2 Cal.5th at p. 623.) Possession includes both actual and constructive possession. (*Ibid.*; *Consolidated Irrigation Dist., supra*, at p. 710.) " '[A]n agency has constructive possession of records if it has the right to control the records, either directly or through another person.' " (*City of San Jose, supra*, at p. 623.) The trial court found SCO had actual possession of the information contained in the database, and CalHR did not have constructive possession because it did not have control over the database. Specifically, the trial court found CalHR did not have the power or authority to manage, direct, or oversee the database or the information within it. We must affirm where substantial evidence supports this finding that the agency did not control or actually possess the relevant files. (*Consolidated Irrigation Dist., supra*, at p. 710.) Here, we conclude substantial evidence supported the trial court's finding.

Freedom Foundation argues CalHR had constructive possession because it could access the information. This argument is without merit because the right to access the information is by itself insufficient for possession. (*Anderson-Barker v. Superior Court* (2019) 31 Cal.App.5th 528, 539-540.) The appellate court in *Anderson-Barker v. Superior Court* explained that "[t]o conclude otherwise would effectively transform any privately held information that a state or local agency has contracted to access into a disclosable public record." (*Id.* at p. 540.) Here, the information may still be a disclosable public record, but CalHR's access to the information does not make it a proper agency from which to seek the information.

## III. DISPOSITION

The petition for writ of mandate is denied. CalHR shall recover its costs in this original proceeding. (Cal. Rules of Court, rule 8.493(a)(1)(A).)

/S/

_____

RENNER, J.

We concur:

/S/

_____

MAURO, Acting P. J.

/S/

_____

KRAUSE, J.

12

Filed 12/30/22

<u>CERTIFIED</u> <u>FOR</u> <u>PUBLICATION</u>

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| FREEDOM FOUNDATION,<br><br>      Petitioner,<br><br>   v.<br><br>THE SUPERIOR COURT OF SACRAMENTO COUNTY,<br><br>      Respondent;<br><br>DEPARTMENT OF HUMAN RESOURCES,<br><br>      Real Party in Interest. | C096273<br><br>(Super. Ct. No. 34202000278646)<br><br>ORDER MODIFYING OPINION AND CERTIFYING OPINION FOR PUBLICATION<br><br>[NO CHANGE IN JUDGMENT] |

THE COURT:

It is ordered that the opinion filed herein on December 5, 2022, be modified as follows:

1. At page 2, in the sentence that reads "Sections 3512 through 3524, referenced in this exemption, is the Ralph C. Dills Act (hereafter the Dills Act)" replace the word "is" with "comprise" so that the sentence reads:

Sections 3512 through 3524, referenced in this exemption, comprise the Ralph C. Dills Act (hereafter the Dills Act).

1

The opinion in the above-entitled matter was not certified for publication in the Official Reports. For good cause it appears now that the opinion should be published in the Official Reports, and it is so ordered.

There is no change in judgment.

EDITORIAL LISTING

ORIGINAL PROCEEDINGS in mandate. Shelleyanne W.L. Chang, Judge. Petition denied.

Robert A. Bouvatte; Shella Sadovnik Alcabes on behalf of Petitioner.

No appearance for Respondent.

Frolan R. Aguiling, Sandra L. Lusich, Jennifer M. Pearson on behalf of Real Party in Interest.

BY THE COURT:

/S/

_____

MAURO, Acting P. J.

/S/

_____

RENNER, J.

/S/

_____

KRAUSE, J.

2