[Civ. No. 67910. Second Dist., Div. One. Oct. 27, 1983.]

NANCY M. OATS, a Minor, etc., Plaintiff and Respondent, v. MICHAEL WILLIAM OATS, Defendant and Appellant.

**COUNSEL**

Gilbert, Kelly, Crowley & Jennett, Patrick A. Mesisca, Jr., and Michael I. D. Mercy for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

OPINION

**SPENCER, P. J.—**

INTRODUCTION

Defendant Michael William Oats appeals from an order denying his motion to set aside a judgment entered on December 15, 1981, pursuant to an arbitration award filed November 13, 1981.

STATEMENT OF FACTS

On April 19, 1977, plaintiff Nancy M. Oats, by her guardian ad litem Martha Oats, filed a personal injury complaint arising out of an automobile accident. Defendant answered, after which the superior court found the amount in controversy did not exceed $15,000 and ordered the matter into arbitration on July 15, 1981. It was stipulated that the Honorable John J. Donnellan would serve as arbitrator.

An arbitration hearing was held on November 6, 1981. Thereafter, on November 13, Judge Donnellan executed and filed an award in favor of plaintiff; no proof of service of the award on the parties was attached and the parties did not, in fact, receive notice of the award at this time. On December 4, 1981, the superior court arbitration clerk served copies of the award on the parties by mail, and filed a proof of service attesting to that fact.

Defendant served on plaintiff by mail a request for a trial de novo and submitted the same to the superior court on December 17, 1981; the request was filed on December 21. On December 15, 1981, the clerk of the superior court served on the parties by mail notice of entry of judgment.

Defendant moved to set aside entry of the judgment on the ground defendant had filed a request for trial de novo within 20 days of service of the arbitration award. The motion was taken off calendar for failure to appear and subsequently refiled. Following a hearing on April 6, 1982, the motion was denied.

CONTENTION

Defendant contends the trial court erred in denying his motion to vacate entry of the judgment, in that a lodging with the court of an arbitration award, *sans* proof of service and *sans* actual notice to the parties of the award, is ineffective as a "filing" within the meaning of California Rules

of Court, rules 1615(b) and 1616(a); hence, defendant's request for a trial de novo was timely. For the reasons set forth below, we agree.

## DISCUSSION

■ The requirement of notice is so fundamental to concepts of due process that it is deemed jurisdictional in nature. (See, e.g. *Gray* v. *Hall* (1928) 203 Cal. 306, 318 [265 P.246]; *City etc. of San Francisco* v. *Carraro* (1963) 220 Cal.App.2d 509, 518 [33 Cal.Rptr. 696].) ■ In a court proceeding, notice is provided by service of process; it is *actual* service which vests a court with jurisdiction to act in a matter rather than proof of service. Hence, when proof of service is mislaid, lost or otherwise unavailable, the courts are liberal in allowing proof of actual service. (*Ibid.*)

However, proof of service fulfills the function of establishing that "procedures implementing the constitutional requirements of due process were followed giving assurance that service really had been made." (*West* v. *West* (1979) 92 Cal.App.3d 120, 124 [154 Cal.Rptr. 667].) Accordingly, when adequate proof of service is available, it is of no legal import that a party actually may not have received notice. (*Ibid.*) That being the case, the courts are very strict in applying the statutory standards for proof of service; failure to strictly comply with those standards deprives the court of jurisdiction to act. (*Ibid.*)

California Rules of Court, rule 1615(b) provides in pertinent part: "Within 10 days after the conclusion of the arbitration hearing the arbitrator shall file his award with the clerk, *with proof of service* on each party to the arbitration." (Italics added.) ■ Rules of Court have the force of positive law; they are as binding on this court as procedural statutes unless they transcend legislative enactments or constitutional guarantees. (*Trickey* v. *Superior Court* (1967) 252 Cal.App.2d 650, 654, fn. 4 [60 Cal.Rptr. 761]; *Albermont Petroleum, Ltd.* v. *Cunningham* (1960) 186 Cal.App.2d 84, 89 [9 Cal.Rptr. 405].) Nothing in rule 1615(b) transcends the procedural arbitration statutes, Code of Civil Procedure sections 1141.14 and 1141.20. Hence, we are bound by the rule unless it contravenes constitutional principles.

■ The language of rule 1615(b) clearly evinces a recognition that actual service is as essential to confer upon the court jurisdiction to act further in an arbitration proceeding as in any other proceeding—a principle well established. ■ As noted in *Rusnak* v. *General Controls Co.* (1960) 183 Cal.App.2d 583, 585 [7 Cal.Rptr. 71], an arbitration award is "a nullity as long as the contents of it, and even the fact that it existed, were unknown to the parties. One who is called upon to render a decision has

not done so when he merely made up his mind what the decision should be. And placing his thoughts on paper adds nothing so long as they are kept secret from the parties."

Since the superior court is without jurisdiction to act further in the matter until the parties are served or otherwise obtain actual notice of the award (*City etc. of San Francisco* v. *Carraro, supra,* 220 Cal.App.2d 509, 513), the filing of the arbitration award must be deemed ineffective until such time as service is made. To construe rule 1615(b) in any other way than to require proof of service (or alternatively, evidence of actual service) for an effective (i.e., jurisdictional) filing of an arbitration award would be to abrogate constitutional guarantees of due process. Whether judged by the "proof of service" or "evidence of actual service" test, the result is the same in the instant matter; defendant was not served with the arbitration award until December 4.

California Rules of Court, rule 1616(a) permits any party to an arbitration to request a trial by filing a written request with the clerk within 20 days after the arbitration award is filed. Rule 1615(c) requires the clerk to enter the arbitration award as a judgment "forthwith upon the expiration of 20 days after the award is filed if no party has, during that period, served and filed a request for trial as provided in [rule 1616(a)]." Although neither of the above provisions mentions service of the award on the parties, they must be read in harmony with rule 1615(b). (*People* v. *Comingore* (1977) 20 Cal.3d 142, 147 [141 Cal.Rptr. 542, 570 P.2d 723].)

In that the jurisdictional function of service renders a filing of the arbitration award ineffective until such time as service is made, the 20-day period within which a party may file a request for trial de novo must be deemed to commence with service of the award. The clerk is without authority to enter the award as a judgment until expiration of that 20-day period. (*Usher* v. *Soltz* (1981) 123 Cal.App.3d 692, 697 [176 Cal.Rptr. 746].)

The instant arbitration award was entered as a judgment less than 20 days after the award's effective filing date in violation of rule 1615(c); that circumstance justifies vacation of the award under the provisions of Code of Civil Procedure section 473, in that such a judgment is taken by surprise. (*Ibid.* [rule 1615(d) is no bar to the application of section 473 when judgment is entered in violation of rule 1615(c)].) Accordingly, the lower court erred as a matter of law in denying defendant's motion to vacate the judgment.

The order is reversed and the superior court is directed to enter a new and different order granting the motion and setting the matter for trial forthwith.

Dalsimer, J., and Fainer, J.* concurred.

*Assigned by the Chairperson of the Judicial Council.