[No. B096866. Second Dist., Div. Five. Dec. 9, 1996.]

VERALI KARAMZAI, Plaintiff and Respondent, v.
DIGITCOM et al., Defendants and Appellants.

COUNSEL

Donald I. Kelly, in pro. per., for Defendants and Appellants.

Walfield & Khoury and Naser J. Khoury for Plaintiff and Respondent.

OPINION

ARMSTRONG, J.—Appellants Donald I. Kelly and Digitcom appeal from an order of the trial court denying Kelly's request for a trial de novo after an arbitration award. The trial court ordered appellants to file this request within 10 days after the arbitration award was made, rather than the 30 days provided by statute. Because a trial court lacks authority to shorten the time within which a party may file a request for a trial de novo, and because appellant Kelly attempted to file his request within the time specified by statute, we reverse the judgment and remand for further proceedings.

### Procedural Facts

On September 21, 1994, respondent Verali Karamzai filed a complaint in superior court against appellants. On November 17, 1994, appellant Kelly

filed a cross-complaint against respondent. Both the complaint and cross-complaint arose out of respondent's purchase of a voice mail system from appellant Digitcom.

At some point prior to May 12, 1995, the trial court ordered the parties to participate in judicial arbitration. On May 12, 1995, respondent presented the court with an application and order to continue the arbitration date to July 21. The application represented that appellants agreed to the continuance. The trial court granted an extension of the arbitration completion date until July 14, 1995. The trial court added, however, that requests for trial de novo were to be filed "within 10 days after award." The court set a further status conference for July 28, 1995. Appellants were not present when this order was issued.

Arbitration was held on July 6, 1995. The arbitrator awarded respondent judgment against appellant in the amount of $3,075.68. The award is dated July 14, 1995. It was served on that date, but not filed until July 17, 1995.

On July 28, 1995, the parties appeared for a scheduled status conference. Appellant Kelly attempted to file a request for trial de novo. The court, however, refused to accept the request. The court's minute order states that no request for a trial de novo had been filed.[1] The court ordered: "Arbitration award has the force and effect of a judgment."

On August 14, 1995, appellant Kelly moved the court for an order permitting him to file his request for trial de novo. He also moved the court for an order setting aside the arbitrator's award on the ground of fraud. The motions were denied. This appeal followed.

## Discussion

Appellants raise various claims of error relating to the conduct of the arbitration hearing, including the arbitrator's failure to file the award within the time specified by the trial court. Appellant Kelly also claims as error the court's refusal to accept his request for a trial de novo.

■ There is no right to appeal from a judgment entered on a judicial arbitration award. (Code Civ. Proc., § 1141.23; Cal. Rules of Court, rule

---

[1]The notice of entry of order prepared by respondent and the court's September 13, 1995, minute order makes it clear that the court meant that no request had been filed within the 10 days specified by the court.

1615(c).)[2] However, an appeal does lie from certain postjudgment orders, including an order striking a request for a trial de novo as untimely and an order denying a motion to vacate or set aside the judgment. (*Mentzer* v. *Hardoin* (1994) 28 Cal.App.4th 1365, 1368 [34 Cal.Rptr.2d 214] [request for trial de novo]; *Cabrera* v. *Plager* (1987) 195 Cal.App.3d 606, 609-610 [241 Cal.Rptr. 731] [motion to set aside judgment].) ■ While appellants' brief is not a model of clarity, their claims of error can be understood as arising from the court's denial of appellant Kelly's two postjudgment motions for permission to file a request for trial de novo and to set aside the judgment.

There is merit to appellants' claim that Kelly should have been permitted to file his request for a trial de novo on July 28, 1995.

A trial court does not have inherent or unrestricted power to extend or shorten the time specified by the Legislature in which an act in a civil action must be done. Rather, the court has such power only to the extent granted by the Legislature. The Legislature has given trial courts broad authority to extend the time in a which an act must be done. Section 1054 provides in pertinent part: "When an act to be done, as provided in this code, relates to the pleadings in the action, . . . or to the service of notices other than of appeal and of intention to move for a new trial, the time allowed therefor, unless otherwise expressly provided, may be extended, upon good cause shown, by the judge of the court in which the action is pending. . . ."

The Legislature has not granted such sweeping authority to the courts to shorten time. However, the Legislature has included specific authorizations to shorten time, or to alter time limits, in a number of individual sections which contain time limits. (See, e.g., § 437c, subds. (b) and (c) [opposition must be served 14 days before date of summary judgment hearing and reply brief 5 days before, "unless the court for good cause orders otherwise"]; § 1005, subd. (b) [requiring 15 days' written notice for many motions made under the code, but providing that "[t]he court, or a judge thereof, may prescribe a shorter time"]; § 2030, subd. (h) [party has 30 days to respond to interrogatories "unless on motion of the propounding party the court has shortened the time for response"].)

Here, the Legislature has specified that "[a]n arbitration award shall be final unless a request for a de novo trial is filed within 30 days after the date the arbitrator files the award with the court." (§ 1141.20, subd. (a).) The California Rules of Court make it clear that the 30-day period may not be

---

[2]All further statutory references are to the Code of Civil Procedure unless otherwise specified.

extended. (Cal. Rules of Court, rule 1616(a).) There is no provision authorizing the court to shorten the time within which a party may request a de novo trial.

From this specific prohibition against extending time, and the lack of any authorization to shorten time, we conclude that a trial court has no authority to alter the time in which a party must file a request for a de novo trial. Accordingly, the trial court's order shortening the time in which appellant was required to file a request for a trial de novo is void. Since Kelly attempted to file his request within the 30 days allowed by statute and rule of court, the trial court erred in refusing to accept the request and in denying Kelly's subsequent motion to set aside the judgment and permit a trial de novo. (§ 1140.20; Cal. Rules of Court, rule 1616(a).)

Because we find that the trial court should have permitted appellant Kelly to file his request for trial de novo, we do not reach appellants' other claims of error.

### Disposition

The judgment is reversed. Respondent to bear costs of appeal.

Grignon, Acting P. J., and Godoy Perez, J., concurred.