[No. B126199. Second Dist., Div. Five. Aug. 24, 1999.]

HERMIN DOMINGO, Plaintiff and Respondent, v.
LOS ANGELES COUNTY METROPOLITAN TRANSPORTATION
AUTHORITY, Defendant and Appellant.

## COUNSEL

Shan K. Théver & Associates, Shan K. Théver, Donald G. Forgey; Greines, Martin, Stein & Richland, Martin Stein and Carolyn Oill for Defendant and Appellant.

Stanley Z. White & Associates and Stanley Z. White for Plaintiff and Respondent.

## OPINION

**GODOY PEREZ, J.**—Appellant Los Angeles County Metropolitan Transportation Authority appeals from denial of its request for trial de novo

following court-ordered judicial arbitration. After review, we reverse and remand.

## PROCEDURAL AND FACTUAL BACKGROUND

In July 1996 respondent Hermin Domingo sued appellant Los Angeles County Metropolitan Transportation Authority for personal injuries she allegedly suffered while riding one of appellant's buses. In March 1998, the court ordered the case to judicial arbitration. As the parties awaited their arbitration date, appellant's attorneys moved their offices from 221 North Figueroa Street, Los Angeles, to 865 South Figueroa Street, Los Angeles.

The arbitration hearing took place on June 17, 1998, and on June 24, 1998, the arbitrator awarded respondent $50,000. The arbitrator served his award that day and filed it with the court the following day, but due to a typographical error, the arbitrator mailed appellant's copy of the award to 8655 South Figueroa, Los Angeles, instead of the correct address at 865 South Figueroa, Los Angeles. The post office returned the misaddressed envelope to the arbitrator, who, instead of correcting his typographical error, remailed the award to appellant's attorneys at their former address at 221 North Figueroa Street, Los Angeles.

In the months following their office move, appellant's attorneys periodically contacted their former landlord to see if any mail had been delivered to their old address. On Friday, July 24, 1998, they learned the arbitration award had been received that day at their old offices and immediately retrieved it. The award now in hand, appellant served a request for trial de novo the following Monday, July 27, 1998, and attempted to file the request with the court the next day. The clerk of the court rejected the request as untimely, however, because more than 30 days had passed since the arbitrator's award had been filed, causing it to be entered as the court's judgment earlier that day. (Code Civ. Proc., § 1141.20, subd. (a) ["An arbitration award shall be final unless a request for a de novo trial is filed within 30 days after the arbitrator files the award with the court."]; Cal. Rules of Court, rule 1616(a) [request for trial de novo must be filed within 30 days of the award].)[1]

Appellant moved to set aside the arbitrator's award and ensuing judgment, arguing relief was proper because it had not been properly served with the award. In support, appellant submitted the arbitrator's declaration admitting his typographical error in addressing the award the first time and confessing to having sent the award the second time to the old address for appellant's

---

[1]All further rule references are to the California Rules of Court.

attorneys. Respondent opposed the motion, claiming appellant's attorneys had breached their (supposed) duty to ascertain the arbitrator's decision by either contacting the court or the arbitrator after the customary 10 days for issuing an arbitration award had passed.

After hearing, the court denied appellant's motion. Apparently reasoning that the 30 days for requesting trial de novo began upon the filing of the arbitrator's award on June 25, 1998, the court concluded it had no authority to extend appellant's time to file a request for trial de novo past Monday, July 27, 1998 (the first court day after the 30 days expired). It stated, "The denial is based upon the California Supreme Court[2] holding in (Karamzai v. Digitcom (1996) 51 Cal.App.4th 547, 551]) . . . 'We conclude that a trial court has no authority to alter the time in which a party must file a request for a de novo trial.' (*Id.* at p. 551.)" This appeal followed.

## DISCUSSION

■ By counting 30 days beginning with the filing of the arbitrator's award on June 25, 1998, the trial court concluded appellant's request for trial de novo had to be filed no later than Monday, July 27, 1998, the first court day after the 30 days expired during the weekend of July 25-26, 1998. Concluding it could not extend the 30-day period, the court denied appellant's request for trial de novo filed 1 day later on July 28, 1998. Appellant observes, however, that it does not seek a lengthening of the 30 days in which to file a request for trial de novo. Rather, appellant contends that because it was never properly served with the award, the 30 days began to run only when it received actual notice of the award on July 24, 1998, making its request 4 days later timely. We agree.

Rule 1615 obligates the arbitrator to serve the parties with the arbitration award. It states, "Within 10 days after the conclusion of the arbitration hearing the arbitrator shall file the award with the clerk, with proof of service on each party to the arbitration. . . ." (Rule 1615(b).) Rule 1616 establishes a 30-day period for filing a request for trial de novo after the award is filed, but does not specifically require service of the award on the parties. It provides, "Within 30 days after the arbitration award is filed with the clerk of the court, a party may request a trial by filing with the clerk a request for trial . . . ." (Rule 1616(a).) Although rule 1616 does not mention service of the award in triggering the 30 days for filing a request for trial

---

[2]The court misidentified our Supreme Court as having decided *Karamzai* v. *Digitcom* (1996) 51 Cal.App.4th 547 [59 Cal.Rptr.2d 139]. In fact, the decision was ours. In that case, we held a trial court could not shorten the time in which a party can file a request for trial de novo.

de novo, such a requirement is properly found for several reasons. First, it harmonizes rule 1615, which requires service of the award, with rule 1616. The appropriateness of such harmonization was established in *Oats* v. *Oats* (1983) 148 Cal.App.3d 416 [196 Cal.Rptr. 20]. There, the court found the only sensible application of the two rules was to start counting the thirty days for requesting a trial de novo after the award was served. (*Id.* at p. 421 [". . . the filing of the arbitration award must be deemed ineffective until such time as service is made"].)

The second reason for requiring service of the award before triggering the 30-day period is due process. It would violate long-standing notions of due process if an adverse action could be taken against a party without notice. (148 Cal.App.3d at p. 420 ["The requirement of notice is so fundamental to concepts of due process that it is deemed jurisdictional in nature."].) Accordingly, before a court can enter an arbitrator's award as its judgment, the parties must have notice of the award. As the *Oats* court explained, ". . . the superior court is without jurisdiction to act further in the matter until the parties are served or otherwise obtain actual notice of the award . . . . To construe rule 1615(b) in any other way than to require proof of service (or alternatively, evidence of actual service) for an effective (i.e., jurisdictional) filing of an arbitration award would be to abrogate constitutional guarantees of due process." (*Id.* at p. 421.)

The third, and final, reason for imposing a service requirement is social and judicial efficiency. Parties ought to be able to rely on the arbitrator's discharge of his duty to serve the award under rule 1615. If parties cannot rely on the arbitrator, the only way they can protect themselves from expiration of the 30-day period is to repeatedly examine the court file for the award's unannounced filing. Such examinations would be needlessly burdensome to the clerk of the court and unnecessarily costly to the parties. It is far better to construe court rules with the presumption that the arbitrator satisfies his obligation to properly serve his award.

For the foregoing reasons, we find that in the absence of proper service, appellant's 30 days for filing a request for trial de novo did not begin until appellant received actual notice of the arbitrator's award. (*Oats* v. *Oats, supra,* 148 Cal.App.3d at p. 421 [court lacks jurisdiction to enter judgment "until the parties are served or otherwise obtain actual notice of the award"].) Here, appellant's attorneys did not receive actual notice of the award until they picked up their mail at their former offices on July 24, 1998. Because appellant filed its request for trial de novo four days later, its request was well within thirty days. Accordingly, the court erred in denying

appellant's motion to vacate the judgment and grant a trial de novo. (*Mentzer* v. *Hardoin* (1994) 28 Cal.App.4th 1365, 1369 [34 Cal.Rptr.2d 214] ["When a trial de novo request is timely filed, it is error as a matter of law to strike it or to deny a motion to vacate a judgment entered upon the arbitration award."].)

Respondent's principal argument against granting a trial de novo is the lack of evidence of the date on which the arbitrator remailed his award to the old address for appellant's attorneys. Respondent complains appellant did not offer into evidence the original envelope with the original postmark, which would have established the date the arbitrator attempted to re-serve the award. Instead, appellant submitted only a photocopy of the envelope with an illegible postmark. Respondent's argument is a red herring, however, because it does not matter when the arbitrator attempted reservice since it was indisputably misaddressed the first time and mailed to an old address the second time. Thus, the award was never properly served.

Respondent also claims the court disbelieved the declarations of appellant's attorneys that they did not receive actual notice of the award until they picked up their mail on July 24, 1998. The court made no such finding, however, and the fairest reading of the record does not support any such inference. During the hearing on appellant's motion to set aside the judgment, the court asked appellant why it had not filed its request for trial de novo one day earlier on Monday, July 27, 1998, when it still had time to do so. Such a question makes sense only if the court assumed the 30th day from the filing of the award had fallen over the immediately preceding weekend, making that Monday the last possible day to request a trial de novo. Furthermore, the court based its denial of appellant's motion on the ground it could not extend the time for filing such a request—such reasoning makes sense only if the court believed the time had already expired. Thus, nothing about the court's reasoning or ruling implies it disbelieved appellant's attorneys.

Finally, respondent suggests appellant was somehow remiss in not contacting the arbitrator[3] or the court to determine the status of the arbitrator's award after the customary 10 days for issuing an award had passed. Whether appellant ideally could have done more to protect its interests is beside the point because proper notice is a jurisdictional prerequisite for the court's entry of the arbitrator's award as its judgment. (*Oats* v. *Oats, supra,* 148

[3]We note that respondent's suggestion ignores that it is improper for a party to contact an arbitrator for any purpose other than requesting continuances or scheduling matters. (Rule 1609.)

Cal.App.3d at p. 421; cf. *Ayala* v. *Southwest Leasing & Rental, Inc.* (1992) 7 Cal.App.4th 40, 45 [8 Cal.Rptr.2d 637] [no relief for untimely request for trial de novo where attorney merely overlooked arbitrator's award in his files].) In any event, any possible shortfall by appellant's counsel pales in comparison to the arbitrator's failure to provide proper service as required by rule 1615, which imposes on the arbitrator, not the parties, the burden of filing and serving the arbitration award.

## DISPOSITION

The order denying the request of appellant Los Angeles County Metropolitan Transportation Authority for a trial de novo is reversed and the trial court is directed to enter a new and different order granting the request. The matter is remanded for further proceedings. Each side to bear its own costs on appeal.

Turner, P. J., and Grignon, J., concurred.