Filed 2/16/24  Javidian v. Subaru of America CA2/4

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| BAHRAM JAVIDIAN,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>SUBARU OF AMERICA, INC.,<br><br>    Defendant and<br>    Respondent. | B322136<br>(Los Angeles County<br> Super. Ct. No. 20STCV24554) |

APPEAL from an order of the Superior Court of Los Angeles County, Michael P. Linfield, Judge.  Reversed and remanded.

Strategic Legal Practices, Payam Shahian; Greines, Martin, Stein & Richland, Cynthia E. Tobisman, Joseph V. Bui, and Anne Guidroz, for Plaintiff and Appellant.

Lehrman, Villegas, Chinery & Douglas, Jacqueline Bruce Chinery, and Robert A. Philipson, for Defendant and Respondent.

_____

At a status conference, appellant Bahram Javidian (Javidian) and respondent Subaru of America, Inc. (Subaru) informed the trial court they had reached a settlement in principle but had not finalized it in writing. The court set a hearing on an order to show cause (OSC) why the case should not be dismissed in less than two months and ordered any motion for attorney fees to be filed and heard by or before the OSC hearing. Javidian filed his fee motion after the court-ordered deadline, and the court denied it as untimely. Javidian contends California Rules of Court, rule 3.1702,[1] which governs claims for attorney fees in civil cases, entitled him to at least 60 days to file the motion. He argues it was improper to order him to file his motion before the entry of dismissal. We agree and reverse. On remand, the court shall consider the motion on the merits.

## FACTUAL AND PROCEDURAL BACKGROUND

Javidian filed this action against Subaru for violations of the Song-Beverly Consumer Warranty Act (Civ. Code, § 1793.2) and negligent repair of his vehicle. In October 2021, the parties attended a mediation where Subaru offered to settle the action for $40,000, plus attorney fees, costs, and expenses. Javidian accepted the offer, and the parties agreed he would serve a Code of Civil Procedure section 998[2] offer to memorialize the settlement terms. The same day, Javidian's counsel appeared at a final status conference and informed the trial court the parties were resolving the matter through settlement. The court vacated

---

[1]    Subsequent references to rules are to the California Rules of Court.

[2]    All further statutory references are to the Code of Civil Procedure unless otherwise indicated.

2

the trial date and set a status conference for November 10, 2021, to allow the parties to finalize the settlement terms.

At the November 10 status conference, at which there was no court reporter, the trial court set a hearing on an Order to Show Cause why the case should not be dismissed for January 5, 2022. The court further ordered that a "Motion for Attorneys [*sic*] Fees, if any, is to be filed and heard by the above-mentioned hearing date." This gave Javidian less than 40 days to finalize and execute the settlement documents and prepare and file a motion for fees.[3] The court further instructed, "If the parties fail to have a signed settlement agreement within a week of today's Order, Plaintiff may come in Ex Parte and seek relief from today's Court Order."

The parties continued to negotiate the language of the section 998 offer until December 7, 2021, when Subaru returned the signed offer to Javidian. The offer included the following attorney fee provision: "[Subaru] will . . . pay Plaintiff's costs, expenses, and attorneys' fees, in accordance with Civil Code section 1794, subdivision (d), in an amount to be agreed upon by the parties, or if the parties cannot agree, to be determined by the Court upon properly noticed Motion. For the limited purposes of such Motion, defendant acknowledges and stipulates to the fact that Plaintiff is the 'prevailing party.'"

At the OSC on January 5, 2022, there was no court reporter present, but Javidian's counsel's declaration and the court's order show Javidian informed the trial court Subaru accepted the

---

[3] The time between the status conference and the OSC was 56 days. Section 1005, subdivision (b), requires all moving and supporting papers to be filed at least 16 court days before a hearing (assuming personal service).

3

section 998 offer. Javidian's counsel requested the action not be dismissed yet because Javidian had not yet been paid his attorney fees and costs. The court dismissed Javidian's operative first amended complaint but retained jurisdiction pursuant to section 664.6 "to make orders to enforce any and all terms of settlement, including judgment." The parties waived notice, and neither they nor the court served a notice of entry of dismissal.

On April 29, 2022, Javidian filed a motion for attorney fees requesting $119,470.98 in fees. Subaru opposed the motion arguing it was untimely because it had not been filed by the court-ordered deadline of January 5, 2022. In reply, Javidian argued his motion was timely because when the court dismissed the action it retained jurisdiction to enforce the settlement agreement, which included a provision entitling Javidian to attorney fees.

At the hearing on May 24, 2022, Javidian's attorneys said it was their understanding the trial court's January 2022 order retaining jurisdiction to enforce the terms of the settlement superseded the court's previous order setting the January 5, 2022, deadline. They believed the January 2022 order was intended to address issues created by the length of time it took for the parties to reach a final written settlement and the fact that Javidian had not filed a motion for attorney fees by January 5. The trial court stated Javidian's counsel's understanding was mistaken. The court retained jurisdiction "simply to make sure that the checks had been sent, that Subaru's check didn't bounce . . . . [The] Court was quite clear that any attorney's fees were going to be heard before January 5th." Javidian's counsel requested a continuance to file a request for relief from the consequences of their mistaken

4

interpretation. The trial court stated it was not going to grant a continuance, as no relief was warranted. Javidian's counsel pointed out that in November 2021, when the court-ordered deadline was imposed, "there was no settlement agreement document . . . signed in order to begin" preparing the fee motion. Counsel argued that the document signed thereafter in December 2022 provided that Javidian would be paid attorney fees as decided by noticed motion. Counsel asserted they were trying to enforce that provision, as they believed they could pursuant to the January order. The court reiterated that it ordered on November 10, 2021, that any motion for attorney fees needed to be heard on or before January 5, 2022, and denied the motion as untimely.

Javidian timely appealed the order.[4]

## DISCUSSION

Javidian argues the trial court did not have authority to set the January 5, 2022, deadline for him to file his motion for attorney fees, as it fell before entry of dismissal and thus violated rule 3.1702. Subaru contends the court was authorized to shorten the deadline to file the fee motion under rule 1.10, subdivision (c). It is undisputed that had the court not shortened

---

[4] Weeks after filing his reply brief, Javidian requested we take judicial notice of 15 documents he claims are relevant to rule 3.1702's enactment. As Subaru did not have an adequate opportunity to respond, we deny the request. (*Lent v. California Coastal Com.* (2021) 62 Cal.App.5th 812, 855 [denial of request for judicial notice "is particularly appropriate where judicial notice has been requested in support of a reply brief to which the opposing party has no opportunity to respond"].)

5

the deadline, the fee motion would have been timely.[5] We agree with Javidian the deadline set forth in rule 3.1702 applies in this case, making his motion timely.

## A.    Forfeiture

At the outset, we acknowledge Javidian did not raise rule 3.1702 below or argue the trial court did not have the authority to set the deadline to file a fee motion. Javidian asserts he believed the court's order dismissing the action and retaining jurisdiction to enforce the settlement agreement superseded the court's original order setting the deadline for filing the motion. Thus, arguments about the original order would have been superfluous. Subaru argues Javidian forfeited any argument based on rule 3.1702 on appeal.[6]

A reviewing court will ordinarily not consider claims made for the first time on appeal which could have been but were not

---

[5]    The trial court dismissed Javidian's first amended complaint on January 5, 2022, and neither the parties nor the court served a notice of entry of dismissal. 180 days from January 5, 2022, was July 4, 2022, a state holiday, with the next court day being July 5, 2022. (Rule 1.10, subd. (b).) Therefore, the deadline to file a motion for attorney fees would have been July 5, 2022. (Rules 3.1702, subd. (b)(1), 8.104, subd. (a)(3).) Javidian's fee motion, filed on April 29, 2022, would have been timely.

[6]    Subaru also notes that Javidian failed to seek relief under section 473, subdivision (b), for missing the court-ordered deadline. Javidian requested a continuance at the hearing on his fee motion to file a motion under section 473. The trial court would not grant the continuance, as it believed a section 473 motion would lack merit. Javidian contends he would have filed a motion for relief had the trial court granted the continuance and refrained from indicating the motion would be futile. (See *Mundy v. Lenc* (2012) 203 Cal.App.4th 1401, 1406 ["a party need not object if it would be futile"].) There is

6

presented to the trial court. (*Truck Ins. Exchange v. AMCO Ins. Co.* (2020) 56 Cal.App.5th 619, 635.) However, application of the forfeiture rule is not automatic, and we have discretion to consider pure questions of law raised for the first time on appeal. (*Cox v. Griffin* (2019) 34 Cal.App.5th 440, 450 ["[C]ourts have discretion to consider a new theory on appeal if it involves a legal question based on undisputed facts"].) Because Javidian's appeal raises a purely legal issue, to which Subaru has provided a response, we exercise our discretion to consider his challenge to the court's order shortening the deadline for him to file his motion for attorney fees.

**B.     The Order Requiring Javidian to File a Fee Motion Before Entry of Dismissal Violated Rule 3.1702**

1.     *Legal Principles and Standard of Review*

"The Judicial Council . . . is the entity charged by the California Constitution with adopting statewide rules for court administration, practice, and procedure. (Cal. Const., art. VI, § 6; see also Gov. Code, § 68070, subd. (b); Cal. Rules of Court, rule 10.1.) The California Rules of Court 'have the force of statute to the extent that they are not inconsistent with legislative enactments and constitutional provisions.'" [Citation.]" (*Silverbrand v. County of Los Angeles* (2009) 46 Cal.4th 106, 125.)

---

case law suggesting a party may seek relief under the discretionary relief provision of section 473, subdivision (b), for an untimely fee motion. (*Russel v. Trans Pacific Group* (1993) 19 Cal.App.4th 1717, 1729 ["trial court may not disregard noncompliance with the procedural requirements for claiming contractual attorney fees but may grant relief under [CCP §] 473"].)

"The ordinary principles of statutory construction govern our interpretation of the California Rules of Court. [Citations.] Our objective is to determine the drafter's intent." (*Alan v. American Honda Motor Co., Inc.* (2007) 40 Cal.4th 894, 902.) We begin with the statutory language as it is generally the most reliable indicator of intent. (*City of Alhambra v. County of Los Angeles* (2012) 55 Cal.4th 707, 718–719; *DeNike v. Mathew Enterprise, Inc.* (2022) 76 Cal.App.5th 371, 378.) "'[I]f the statutory language may reasonably be given more than one interpretation, ""courts may consider various extrinsic aids, including the purpose of the statute, the evils to be remedied, the legislative history, public policy, and the statutory scheme encompassing the statute."'"" (*Catlin v. Superior Court* (2011) 51 Cal.4th 300, 304.) "We are obligated to give a rule of court 'a reasonable and commonsense interpretation consistent with its apparent purpose, practical rather than technical in nature, which upon application will result in wise policy rather than mischief or absurdity.'" (*Volkswagen of America, Inc. v. Superior Court* (2001) 94 Cal.App.4th 695, 706.)

"[T]he proper interpretation of a statute and the application of the statute to undisputed facts are questions of law, which we review de novo." (*In re R.C.* (2011) 196 Cal.App.4th 741, 748; see also *In re William M.W.* (2019) 43 Cal.App.5th 573, 583 ["We independently review interpretations of California Rules of Court"].)

2. *Rule 3.1702 Expressly Authorizes a Trial Court to Extend the Time for Filing a Fee Motion, but Not to Shorten Time*

Javidian points out rule 3.1702 provides a motion for attorney fees is to be filed and served within the time for filing a notice of appeal after entry of judgment or dismissal. He contends that while the rule authorizes a trial court to extend the deadline to file a fee motion, it does not permit a court to shorten it. He argues the trial court therefore violated the rule by ordering Javidian to file his motion on or before the hearing on the OSC regarding dismissal, which was earlier than the deadline rule 3.1702 sets.

Subaru, on the other hand, contends that rule 3.1702 imposes no limitation on a trial court's authority to shorten the time limit for filing a fee motion. Subaru asserts that as a result rule 1.10, subdivision (c), authorizes the court to shorten the time limits set forth in rule 3.1702. Rule 1.10, subdivision (c), states: "Unless otherwise provided by law, the court may extend or shorten the time within which a party must perform any act under the rules." Subaru relies exclusively on rule 1.10 as authority for the court to shorten the time in which the motion could be filed. Subaru cites no other rule or statute in support of its argument.

Rule 3.1702 governs claims for attorney fees in civil cases. It applies to claims for statutory attorney fees and for attorney fees provided for in a contract.[7] (Rule 3.1702, subd. (a).) Subdivision (b)(1) of the rule, provides: "A notice of motion to

---

[7]     While the parties dispute the trial court's authority under rule 3.1702, they do not dispute the rule applies to Javidian's fee motion.

9

claim attorney's fees for services up to and including the rendition of judgment in the trial court—including attorney's fees on an appeal before the rendition of judgment in the trial court—must be served and filed within the time for filing a notice of appeal under rules 8.104 and 8.108 in an unlimited civil case." The parties may stipulate, before the expiration of the time allowed under subdivision (b)(1), to extend the time for filing a motion for attorney's fees: "(A) Until 60 days after the expiration of the time for filing a notice of appeal in an unlimited civil case . . . ; or (B) If a notice of appeal is filed, until the time within which a memorandum of costs must be served and filed under rule 8.278(c) in an unlimited civil case." (*Id.*, subd. (b)(2).) "For good cause, the trial judge may extend the time for filing a motion for attorney's fees in the absence of a stipulation or for a longer period than allowed by stipulation." (*Id.*, subd. (d).)

Under rule 8.104, subdivision (a), an appeal must be filed at the earliest of (1) 60 days after the superior court clerk serves on the party filing the appeal a document entitled "Notice of Entry" of judgment, (2) 60 days after the party filing the notice of appeal serves or is served by a party with a document entitled "Notice of Entry" of judgment or a file-endorsed copy of the judgment, or (3) 180 days after entry of judgment. Rule 8.108 extends the time to appeal under exceptions not applicable here.

We begin with rule 3.1702's plain language. The rule provides that a party must file and serve a motion for attorney's fees "for services up to and including the rendition of judgment in the trial court" "within the time for filing a notice of appeal." (Rule 3.1702, subd. (b)(1).) The language contemplates a motion for the fees incurred to bring a case to its conclusion being filed after the case has clearly concluded, as reflected by a judgment or

10

dismissal. (*Ibid.*; see also *Sanabria v. Embrey* (2001) 92 Cal.App.4th 422, 427 (*Sanabria*) [voluntary dismissal is effectively a "judgment" within meaning of rule 8.104].) Regarding a trial court's authority to alter the rule's deadlines, the rule authorizes the court for good cause to extend the time for filing a motion for attorney fees. (*Id.*, subd. (d).) However, it does not expressly authorize the court to shorten the filing periods set forth in subdivision (b)(1).

Javidian primarily relies on *Karamzai v. Digitcom* (1996) 51 Cal.App.4th 547 (*Karamzai*) in arguing the lack of an express provision means the rule does not allow a court to shorten the deadlines for filing a fee motion. *Karamzai* involved section 1141.20, subdivision (a), which provided at the time that "[a]n arbitration award shall be final unless a request for a de novo trial is filed within 30 days after the date the arbitrator files the award with the court." (*Id.* at p. 550.) In *Karamzai*, the trial court ordered the parties to participate in judicial arbitration. (*Id.* at p. 549.) The plaintiff later asked the court to continue the arbitration date. (*Ibid.*) The court agreed but ordered that any request for a trial de novo was to be filed within 10 days after the award. (*Ibid.*) The arbitrator subsequently awarded judgment for the plaintiff. (*Ibid.*) At a status conference 11 days later, one of the defendants attempted to file a request for a trial de novo, but the court refused to accept it pursuant to its earlier order shortening time from 30 to 10 days. (*Ibid.*)

The appellate court held this was error and reversed. It reasoned: "A trial court does not have inherent or unrestricted power to extend or shorten the time specified by the Legislature in which an act in a civil action must be done. Rather, the court has such power only to the extent granted by the Legislature.

11

The Legislature has given trial courts broad authority to extend the time in [ ] which an act must be done. . . . [¶] The Legislature has not granted such sweeping authority to the courts to shorten time. However, the Legislature has included specific authorizations to shorten time, or to alter time limits, in a number of individual sections which contain time limits." (*Id.* at p. 550.)

Analyzing the statute at issue, the appellate court observed that under section 1141.20(a) an arbitration award "shall be final" unless a timely request for a de novo trial was filed. (*Karamzai, supra*, 51 Cal.App.4th at p. 550.) Further, former rule 1616 (now rule 3.826) explicitly stated that the 30-day period could not be extended. (*Ibid.*) There was no provision authorizing the court to shorten the time within which a party could request a de novo trial. (*Ibid.*) "From this specific prohibition against extending time, and the lack of any authorization to shorten time, we conclude that a trial court has no authority to alter the time in which a party must file a request for a de novo trial." (*Id.* at p. 551.) Accordingly, the trial court's order shortening the time in which the defendant was required to file a request for a trial de novo was void, and the court erred in refusing to accept the timely request.

While its reasoning may sound applicable, *Karamzai* is distinguishable from this matter because it involved a strict, jurisdictional time limit on the right to request a trial de novo. This right could be exercised solely within the period prescribed by section 1141.20, and the trial court had no right to alter the deadline, either by extending or shortening the deadline. (*Karamzai, supra*, 51 Cal.App.4th at p. 550; see also rule 3.826, subd. (a).) In contrast, rule 3.1702, authorizes a trial court to

12

alter the deadline to file a motion for attorney fees by extending time.

Javidian also relies on the principle of *expressio unius est exclusio alterius* (the expression of one thing is the exclusion of another). He asserts the inclusion of a provision for extending the deadline, and the absence of a provision for shortening the deadline, reflects a conscious choice to deprive trial courts of the authority to shorten the deadline for filing a fee motion. "Under that canon of statutory construction, 'where exceptions to a general rule are specified by statute, other exceptions are not to be implied or presumed,' absent 'a discernible and contrary legislative intent.' [Citations.]" (*People v. Galambos* (2002) 104 Cal.App.4th 1147, 1161.) This principle "'expresses the learning of common experience that when people say one thing they do not mean something else.'" (*Arden Carmichael, Inc. v. County of Sacramento* (2001) 93 Cal.App.4th 507, 515–516.)

However, "[t]he *expressio unius* inference arises only when there is some reason to conclude an omission is the product of intentional design." (*Howard Jarvis Taxpayers Assn. v. Padilla* (2016) 62 Cal.4th 486, 514; Singer, 2A Sutherland Statutes and Statutory Construction (7th ed. 2022) § 47:25, fns. omitted ["[C]ourts look for some evidence a legislature intended application of *expressio unius*"].) Because rule 3.1702 does not expressly address shortening the deadline to bring a motion for attorney fees to a date preceding the conclusion of the case, we turn to rule 3.1702's history.

3. *Rule 3.1702's History Shows an Intent to Provide Sufficient Time After Entry of Judgment or Dismissal to Move for Fees*

To determine what purpose the rule was intended to serve, we consider its history. (*Laurel Heights Improvement Assn. v. Regents of University of California* (1993) 6 Cal.4th 1112, 1127.) Rule 3.1702's history supports the conclusion that trial courts do not have unlimited authority to shorten the specified time limits for filing a motion for attorney fees.

The intent behind rule 3.1702 was examined in *Sanabria*, *supra*, 92 Cal.App.4th at pp. 427–429. "In 1992, the Supreme Court asked the Administrative Office of the Courts to review the timing of claims for attorney fees under Code of Civil Procedure section 1021.5 (private attorney general fees). The Supreme Court was concerned that case law arguably permitted claims for such fees to be pursued at any time. A time limit appeared desirable. (Jud. Council of Cal., Admin. Off. of Cts., [Oct. 19, 1992] Rep. on Time to Claim Attorney Fees (rule 870.2), p. 1.)" (*Id.* at p. 427.) "Rather than address only attorney fees under Code of Civil Procedure section 1021.5, an amendment to California Rules of Court, rule 870.2 [8] was proposed that would address the procedure for claims for attorney fees under statute or contract. (Jud. Council of Cal., Admin. Off. of Cts., [June 22, 1992] Request for Comment: Specifying Time to Claim Attorney Fees by Rule.) The proposed rule provided that a 'notice of motion to claim prejudgment attorney fees shall be served and filed before or at the same time the memorandum of costs is served and filed.' (*Ibid.*)" (*Id.* at pp. 427–428.) At that time, a

---

8    Rule 3.1702, formerly rule 870.2, was renumbered and amended effective January 1, 2007.

14

prevailing party who claimed costs was required to serve and file a memorandum of costs within 15 days after the date of mailing the notice of entry of judgment or dismissal by the clerk or the date of service of written notice of entry of judgment or dismissal, or within 180 days after entry of judgment, whichever was sooner. (*Id.* at p. 427, fn. 4.) The proposed rule was circulated for comment. (*Id.* at p. 428.)

The Judicial Council's 1992 request for comments demonstrates "the drafters' intent to set an outer time limit *after judgment* within which statutory attorney fee claims could be made." (*Carpenter v. Jack in the Box Corp.* (2007) 151 Cal.App.4th 454, 466 (*Carpenter*).) In the request for comments, the Judicial Council stated that the proposed amendments would "'eliminate any possible implication that an attorney fee claim could be presented in an unlimited time *after* entry of judgment or issuance of a remittitur on appeal.'" (*Id.* at pp. 466–467.)

The Administrative Office of the Courts received a substantial number of comments to the proposed rule. "Comments opposed the proposed amendment on the basis that the time suggested for claiming attorney fees would be inadequate for the more complex attorney fee issues that could arise under Code of Civil Procedure section 1021.5. The bulk of the comments, including [a] comment from the State Bar of California, agreed that a 60-day time period would be reasonable for all attorney fee motions." (*Sanabria, supra,* 92 Cal.App.4th at p. 428.) "The State Bar's response to the request for comments was considered significant and was attached as an exhibit to the Administrative Office of the Courts' report on the proposal. In its response, the State Bar offered its own proposed language for California Rules of Court, rule 870.2, which provided, in

15

pertinent part, as follows: 'A notice of motion to claim prejudgment attorney fees shall be served and filed within 60 days after the date of mailing of the notice of entry of judgment or dismissal by the clerk under Code of Civil Procedure section 664.5 or the date of service of written notice of entry of judgment or dismissal, or within 180 days after entry of judgment, whichever is first.'" (*Ibid.*) "The Administrative Office of the Courts interpreted this proposal as 'a requirement that the notice of motion for fees be filed within what is, in effect, the time for filing a notice of appeal.'" (*Ibid.*)

Believing a 60-day time period to be appropriate, the Administrative Office of the Courts prepared another draft of rule 870.2, incorporating the time periods for filing a notice of appeal. (*Sanabria*, *supra*, 92 Cal.App.4th at p. 428.) To address concerns that the proposed time period after notice of entry or entry of judgment might not be sufficient, the rule was further amended to allow the parties to stipulate to extend the time until 60 days after the deadline to file an appeal, or, in the event an appeal was filed, until the deadline for claiming costs on appeal. The rule was also amended to authorize the trial court to grant further extensions of time for good cause. (*Carpenter*, *supra*, 151 Cal.App.4th at p. 468.) The new draft was circulated and the language of then rule 870.2 was adopted. (*Sanabria*, at p. 428.)

The *Sanabria* Court concluded, "Two things are apparent from this history. The first is that California Rules of Court, rule 870.2 was adopted in order to provide time limits within which all motions for attorney fees in civil cases must be made. The second is that any omission in the language of the rule with respect to setting forth time limits for moving for attorney fees after the entry of voluntary dismissal was wholly inadvertent."

16

(*Sanabria, supra,* 92 Cal.App.4th at pp. 428–429.)  It was clear that rule 870.2 "provides time limits for motions for attorney fees in all civil cases, and its 60-day time limit commences to run at notice of entry of judgment or dismissal.  Any other interpretation would be irrational and thwart the rulemaker's intent."  (*Id.* at p. 429.)

Rule 3.1702's history indicates that neither the drafters of the rule nor the parties commenting on the proposed rule contemplated a trial court shortening the deadline for filing a motion for attorney fees so that the motion had to be filed before entry of judgment or dismissal.  The drafters intended to have a uniform rule for all claims for statutory or contractual attorney fees, and they determined the 60 and 180-day periods after entry of judgment or dismissal provided adequate time for preparing motions.  These factors lead us to conclude that if a trial court could shorten the filing period for a fee motion to occur before entry of judgment or dismissal, it would thwart the drafters' intent.

This interpretation is also consistent with the numerous cases holding that the time to begin calculating the deadline for a party to file a motion for attorney fees under rule 3.1702 commences with the entry of judgment or dismissal.  The deadline is triggered by the "'conclusion of the litigation,'" "a terminus point typically marked by the 'entry of judgment or dismissal.'"  (*Catlin Ins. Co., Inc. v. Danko Meredith Law Firm, Inc.* (2022) 73 Cal.App.5th 764, 781.)  "Under this timing scheme, the clock starts to run from either the service of notice of entry of judgment or dismissal (starting a 60-day clock), or if no such notice is given, the entry of judgment or dismissal (starting a 180-day clock).  (Rules 3.1702(b)(1), 8.104(a)(1)(A)–(C).)"  (*Ibid.*)

17

A reading contrary to these holdings would require a prevailing party to seek fees "for services up to and including the rendition of judgment in the trial court" before judgment or dismissal is actually entered and all prejudgment fees are known. (Rule 3.1702, subd. (b)(1).) It could promote piecemeal litigation over fees, rather than the filing of a single motion to seek all fees incurred to bring a matter to conclusion within a reasonable amount of time after the matter has clearly concluded.

4.      *Rule 1.10 Did Not Authorize the Trial Court to Shorten the Deadline for Filing a Fee Motion to Before Entry of Dismissal*

Subaru does not address the history behind rule 3.1702 raised in Javidian's opening brief. Subaru relies solely on rule 1.10, subdivision (c), to argue the trial court was authorized to shorten the time for filing a fee motion. That rule grants trial courts authority to "extend or shorten the time within which a party must perform any act under the rules," "[u]nless otherwise provided by law." As analyzed above, rule 3.1702 restricts a trial court's ability to shorten the deadline so that it occurs prior to judgment or dismissal. Thus, rule 3.1702 prevents the court from shortening the time to file the motion in the manner that it did in this case.

Subaru also contends that even if there was error, the decision to deny Javidian's fee motion must be affirmed because there was no miscarriage of justice.[9] According to Subaru,

---

[9]     Our state Constitution provides that "[n]o judgment shall be set aside, or new trial granted, in any cause, . . . for any error as to any matter of procedure, unless, after an examination of the entire cause, including the evidence, the court shall be of the opinion that the error complained of has resulted in a miscarriage of justice." (Cal. Const.,

Javidian was not prejudiced by the trial court's ruling because it was his own fault that he did not file his motion for attorney fees prior to the court's deadline.  However, Subaru does not dispute that Javidian would have recovered at least some portion of his attorney fees had the court considered his motion on the merits.  The parties' settlement agreement explicitly provided that Subaru agreed to pay Javidian's attorney fees.  Therefore, the court-ordered deadline prejudiced Javidian, as it deprived him of his entitlement to a fee award.

---

art. VI, § 13.)  A miscarriage of justice is shown where it appears "reasonably probable" that the appellant would have achieved a more favorable result in the absence of error.  (*Cassim v. Allstate Ins. Co.* (2004) 33 Cal.4th 780, 800.)

## DISPOSITION

The order denying Javidian's motion for attorney fees is reversed and the case is remanded to the trial court for a determination of the amount to be awarded.  The parties are to bear all their own costs on appeal.[10]

MORI, J.

We concur:

COLLINS, Acting P. J.

ZUKIN, J.

---

[10]    Our opinion should not be read as precluding a party from filing a fee motion earlier than the deadline.  (See *Yuba Cypress Housing Partners, Ltd. v. Area Developers* (2002) 98 Cal.App.4th 1077, 1086 ["plaintiff's motion for attorney fees, filed a little over one month after the parties reached a stipulated judgment but almost two months prior to entry of the judgment," and decided more than six months after judgment, was timely as the other party was not misled or prejudiced].)  Nor do we address a court's ability to set a shorter deadline under other circumstances, for example, where the parties stipulate to an earlier deadline.